Elizabeth OTERO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–97–00881–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 25, 1999.

Michael B. Charlton, Houston, for Appellant.

John B. Holmes, S. Elaine Roch, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices COHEN and MIRABAL.

## OPINION

MARGARET GARNER MIRABAL, Justice.

A jury found appellant, Elizabeth Otero, guilty of driving while intoxicated. The trial court assessed punishment at two years probation and a $1,000 fine. We reverse and remand.

Appellant brings one issue on appeal, asserting the trial court erred in allowing the State, on the theory that appellant "opened the door," to introduce evidence of appellant's prior DWI conviction.

The State presented the testimony of two witnesses, and the defense presented the testimony of four witnesses. When testimony was concluded, defense counsel offered defense exhibit number two into evidence. The exhibit included a Federal Aviation Association application form, which falsely stated that appellant had no prior driving while intoxicated convictions. Immediately after the exhibit was offered, but before admitting it, the trial court dismissed the jury for a short break. Outside the presence of the jury, the State requested permission to reopen its case, arguing that by offering defense exhibit number two, appellant had opened the door to extraneous offense evidence. Defense counsel then requested permission to withdraw the exhibit. The trial court overruled appellant's request to withdraw the exhibit, and the exhibit was admitted into evidence. The State thereafter introduced proof of appellant's prior conviction for DWI.

Generally, prior criminal convictions shall be admitted into evidence only if the crime was a felony or involved moral turpitude, and the court determines that the probative value outweighs its prejudicial effect. TEX.R. EVID. 609. However, an exception is made when a witness states that he or she has never been arrested or convicted of an offense. *Prescott v. State,* 744 S.W.2d 128, 131 (Tex.Crim.App.1988). Where a witness creates a false impression of past crimi-

nal history, the witness opens the door on otherwise irrelevant conviction evidence, and the State may expose the falsehood. *Id.* However, questioning by the State is only permitted when the witness has voluntarily testified to the collateral matter without any prompting or maneuvering by the State. *Lopez v. State*, 928 S.W.2d 528, 531–32 (Tex. Crim.App.1996). We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Green v. State*, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996).

Appellant offered her medical records into evidence as defense exhibit number two. The exhibit contained 107 pages, and appellant's FAA medical certification document was page 102, at the back of the stack of papers. On the FAA form, the "conviction history" section is located on the lower half of the page, below appellant's medical history. In that section, appellant had checked a box "no," indicating she did not have any history of DWI convictions. The State argued that by offering page 102 with the rest of the medical exhibit, appellant had "opened the door" to the introduction by the State of appellant's 1992 DWI conviction. Appellant's counsel responded that he had not seen the box checked on page 102: "Judge, that wasn't something I have ever seen or I wouldn't have ever submitted it into evidence, obviously." Appellant's counsel requested permission to withdraw his offer of the exhibit.

■ This is not a case where the exhibit had already been admitted into evidence before the trial court's ruling. The State and appellant agree that the jury was excused from the courtroom after the offer, but prior to the admission of the 107-page exhibit.[1] Considering the circumstances that the one "checked" box was effectively buried at the back of a mound of medical reports and forms,[2] that no reference had been made to it in front of the jury, and that appellant's counsel immediately sought to withdraw his offer of the exhibit as evidence when the State pointed out the "checked" box, it is clear that appellant did not voluntarily present evidence of the collateral matter. Under the circumstances, the trial court abused its discretion in admitting defense exhibit number two into evidence[3] and in allowing the State to introduce evidence of appellant's prior DWI conviction. *See Lopez*, 928 S.W.2d at 531–32.

■ The evidence regarding whether appellant was intoxicated on the evening in question was conflicting. The harm in having the jury know about a defendant's prior DWI conviction is obvious in a case such as this. The trial court's error affected appellant's substantial rights[4], and therefore reversal is required. Tex.R.App. P. 44.2 (b).

Accordingly, we sustain appellant's sole point of error.

We reverse the judgment and remand the cause.

---

1. The reporter's record reflects appellant's counsel offered "defense exhibit No. 2" without stating what it was. The prosecutor indicated he needed time to review it, and the trial judge then excused the jury for a short break. No witness had testified about the exhibit's contents or had made reference to it in any manner.

2. This circumstance lends credence to defense counsel's profession that he had not seen the "checked" box.

3. We note that even if the jury was somehow aware that defense exhibit number two was a stack of appellant's medical records, any confusion caused by the exhibit not being available to the jury could have been cured by an instruction from the court. *See Barefield v. State*, 784 S.W.2d 38, 44–45 (Tex.Crim.App.1989).

4. A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997).