James Everett **PATTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 03–99–00250–CR.

Court of Appeals of Texas, Austin.

Aug. 10, 2000.

JOHN F. ONION, Jr., Justice (Retired).

Appellant James Everett Patton was convicted of the offense of manslaughter. *See* Tex. Penal Code Ann. § 19.04 (West 1994). After finding appellant guilty, the jury assessed his punishment at seven years' imprisonment.

## ISSUE

The sole issue in the case is whether the trial court erred in admitting into evidence appellant's prior conviction for criminal mischief at the penalty stage of the trial. Appellant claims that the State did not provide reasonable notice of its intention to use the prior conviction. *See* Tex.Code Crim. Proc. Ann. art. 37.07, § 3(g) (West Supp.2000). The State claims that the case is one of first impression based on its belated discovery of the conviction. It argues that the notice was reasonable under the circumstances.

## BACKGROUND

The sufficiency of the evidence to sustain the conviction is not challenged. A brief recitation of the facts will place the point of error in proper perspective. Shortly before 7:00 a.m. on May 18, 1998, appellant was driving a brown Ford pickup truck on Farm Road 1283 in Bandera County. Appellant was on his way to work, and Miguel Jaramillo was a passenger in the truck. In a no-passing zone on the road, appellant attempted to pass a slower-moving pickup truck driven by 18–year–old Henry Vera.

Vera testified at trial that when he observed appellant attempting to pass him he slowed down, but when he (Vera) saw a "grayish" car approaching in an oncoming lane, he "tried to speed up so as to give [appellant] more room to get back into his lane." As Vera looked into his rearview mirror, he saw appellant's truck and the oncoming car collide.

Adrienne Urrutia Zuflacht, San Antonio, for appellant.

Lucy Cavazos, Asst. Dist. Atty., Kerrville, for State.

Before Justices JONES, PATTERSON and ONION.[*]

[*] Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

Vera turned his vehicle around and went to the scene of the accident. Appellant and Jaramillo were unsuccessful in trying to open the door of the car. Jaramillo did remove a child from the back seat and place him outside the car. Vera got no response from the woman who had been driving the car. Her injuries were visible. Vera did not want to move her. The police arrived on the scene shortly after the collision.

A medical examiner testified that the driver of the car, Loretta Marie Gonzales, sustained head injuries and died instantly as a result of the accident. Her four-year-old son Jeremy survived without any serious injuries as did appellant and Jaramillo.

Brian Heickman was preparing to enter onto Farm Road 1283 about 6:45 a.m. when he saw one truck attempting to pass another. Heickman then saw smoke as if the passing truck was hitting its brakes. When Heickman pulled into the road and went over a hill, he saw that the passing truck had hit a Ford Tempo automobile head on. Robert Soward testified that appellant had earlier passed him on the road approximately one mile from the accident scene and had done so safely in a passing zone. Soward, like Heickman, came upon the accident scene before the police arrived.

Robyn Langston, a school teacher, did not witness the accident itself. She testified that about five minutes before the accident, appellant's truck passed her throwing pebbles that hit her vehicle. She flashed her vehicle's lights in an "attempt to tell him to slow down."

## AUTHORITIES

In light of the authorities appellant relied upon in his request for notice, his trial objection, and his appellate brief, we shall make brief note of the same.

Rule 404(b) of the Texas Rules of Evidence provides:

> (b) **Other Crimes, Wrongs or Acts.** Evidence of other crimes, wrongs or

acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, *provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.*

(Emphasis added).

Rule 609 of the Texas Rules of Evidence provides for impeachment by evidence of a conviction for a crime. Rule 609(f) states:

> (f) **Notice.** Evidence of a conviction is not admissible if after timely written request by the adverse party specifying the witness or witnesses, the proponent fails to give to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Article 37.07, section 3(a) of the Texas Code of Criminal Procedure provides in part that upon a finding of guilt, evidence may be offered by either party as to any matter the trial court deems relevant to "sentencing, and the evidence is not limited to the prior criminal record of the defendant." *See* Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp.2000). Section 3(g) of the statute provides:

> (g) On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the State intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a

court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice included the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the State give notice applies only if the defendant makes a timely request to the attorney representing the State for the notice. *Id.* § 3(g).[1]

## PROCEDURE, THE OFFER, AND THE OBJECTION

■ On July 27, 1998, the manslaughter indictment was returned. On August 20, 1998, appellant filed a "Request for Notice of Intent to Offer Extraneous Conduct under Rule 404(b) and Evidence of Conviction under Rule 609(f) and Evidence of an Extraneous Crime or Bad Act under Article 37.07." A certificate of service upon the State was attached. A handwritten notation indicated "Order Granted 8/26/98" with the trial judge's initials.[2] On February 15 and 16, 1999, the State served upon appellant its original notice and first amended notice of intent to use extraneous matters at trial. These documents informed appellant that the State intended to utilize three prior convictions at trial—a 1994 burglary conviction and 1998 convictions for failure to identify oneself and evading arrest, giving the cause numbers, dates, and stating that all were Bandera County convictions. In addition, the State informed appellant by the latter document that it intended to use an unadjudicated matter of reckless driving occurring just

prior to the instant offense of manslaughter. These notice documents were filed for record with the district clerk on February 17, 1999.

Subsequently, on February 23, 1999, the State filed a second amended notice of intention to use extraneous matters. This notice included all the previous extraneous matters noted in the earlier notices but added the 1997 conviction for criminal mischief in Kerr County for which appellant had been granted probation that had been revoked on April 14, 1988. This is the conviction that is in controversy as to notice. The certificate of service on the second amended notice reflects that it was served by fax upon appellant's counsel on Sunday, February 21, 1999. The trial was set for Tuesday, February 23, 1999.

■ During a break in the voir dire examination of the jury panel on February 23, 1999, the trial court heard a motion in limine offered by appellant. One part of the motion involved the question of notice of extraneous matters, particularly the criminal mischief conviction. In a colloquy at the bench, the prosecutor explained that on Sunday, February 21, 1999, she visited the jail and discovered for the first time that appellant had been convicted of criminal mischief; that this conviction had not been on appellant's prior criminal record available to the prosecution; and that on the same date she had faxed to the office of appellant's counsel notice that the State intended to use this newly discovered conviction. The trial court overruled the motion in limine, finding that proper notice had been given on all extraneous matters "except the one on Sunday" and that the

1. Under Article 37.07, section 3(g), the State's response to a timely request of a defendant is considerably more detailed where the extraneous offense or bad act has not resulted in a final conviction. In the instant case, only a final conviction was involved in the issue presented.

2. The State's duty to respond arises upon the request of the defendant. No order or other action by the trial court is necessary to create

the State's duty. *See* 41 George E. Dix & Robert O. Dawson, *Criminal Practice and Procedure,* § 22.102 at 498 (Texas Practice 1995); *Espinosa v. State,* 853 S.W.2d 36, 38–39 (Tex. Crim.App.1993). A request for notice incorporated in a motion creates no duty on the State until the court acts on the motion in such a way as to order the State to provide notice. *See id.*

prosecutor had given notice as soon as she learned of that conviction. The court stated that it would not bar the admission of the extraneous offenses because of the lack of proper notice.[3]

The prior convictions were not offered at the guilt-innocence stage of trial.[4] At the penalty stage of the trial, appellant expressly stated there was no objection to three of appellant's prior criminal convictions. The only objection was to the introduction of the criminal mischief conviction on the basis of the lack of proper notice under Rule 404 and Rule 609 of the Rules of Evidence, "or Texas Code of Criminal Procedure article 37." Defense counsel explained that the State's notice regarding the criminal mischief conviction was faxed to counsel's office on Sunday afternoon but counsel did not receive it until early Monday morning, February 22, 1999, the day before the trial. The trial court observed that the prosecutor had stated the notice was faxed to defense counsel as soon as the prosecutor learned of the conviction and overruled the objection.

## DISCUSSION

 It has been held that Rule 404(b) does not apply to the penalty or punishment phase of a bifurcated trial. *See Ramirez v. State*, 967 S.W.2d 919, 923 (Tex.App.—Beaumont 1998, no pet.). Since appellant did not testify, Rule 609 does not apply. *See* Tex.R. Evid. 609(f). The adequacy of the State's notice in the instant case regarding its intention to use the criminal mischief conviction is thus controlled by article 37.07, section 3(g)[5] requiring that notice be given in the same manner mandated by Rule 404(b). That rule, however, provides only minimal details regarding the manner in which notice is given. *See* 41 George E. Dix and Robert O. Dawson, *Criminal Practice and Procedure*, § 22.104 at 502 (Texas Practice 1995). There is no statutory meaning of "reasonable" as provided in rule 404(b), in the Code of Criminal Procedure, or otherwise in the Rules of Evidence. Cases have generally focused on whether the notice was timely sufficient to be considered "reasonable." *See, e.g., Neuman v. State*, 951 S.W.2d 538, 540 (Tex.App.—Austin 1997, no pet.); *Hernandez v. State*, 914 S.W.2d 226, 234–35 (Tex.App.—Waco 1996, no pet.); *Self v. State*, 860 S.W.2d 261, 264 (Tex.App.—Fort Worth 1993, pet. ref'd). It would appear that the reasonableness of the State's notice turns on the facts and circumstances of each individual case.

 Article 37.07, section 3(a) puts a defendant on notice that evidence on punishment may be offered by the State as to any matter the trial court deems relevant to "sentencing" (assessment of punishment) and such evidence is not limited to the prior criminal record of the defendant. *See* Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a). Before the enactment of section 3(g) of article 37.07, the prosecution was prohibited from offering evidence of unadjudicated extraneous offense or bad acts at the penalty stage of the trial. *See, e.g., Grunsfeld v. State*, 843 S.W.2d 521, 523 (Tex.Crim.App.1992); *Washington v. State*, 943 S.W.2d 501, 503–04 (Tex.App.—Fort Worth 1997, pet. ref'd). Section 3(g) of the statute was added in 1993 to permit

---

**3.** "It is 'axiomatic' that motions in limine do not preserve error." *Webb v. State*, 760 S.W.2d 263, 275 (Tex.Crim.App.1988); *see also Hernandez v. State*, 914 S.W.2d 218, 226 (Tex.App.—El Paso 1996, pet. ref'd). This is true whether the motion in limine is granted or denied. *See Willis v. State*, 785 S.W.2d 378, 384 (Tex.Crim.App.1989); *Webb*, 760 S.W.2d at 275.

**4.** The unadjudicated reckless driving evidence was introduced at the guilt-innocence stage without objection. Moreover, the notice requirement does not apply to same transaction contextual evidence. *See Hodge v. State*, 940 S.W.2d 316, 319 (Tex.App.—Eastland 1997, pet. ref'd).

**5.** Appellant's objection referred only to "Article 37." We conclude the proper objection was "apparent from the context" and earlier circumstances. *See* Tex.R.App. P. 33.1(a)(1)(A); *Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Crim.App.1977).

the prosecution to offer such evidence at the penalty stage of the trial. *See Washington,* 943 S.W.2d at 504. Along with the addition of section 3(g) came the requirement of notice.

The extraneous matter in question in the instant case is not an uncharged or unadjudicated offense or simply a bad act but a final conviction. The State did give appellant timely notice that it intended to use three other prior convictions, and no question of proper notice is before this Court regarding these matters. Appellant was on notice that the State was going to use at least part of his prior criminal record at trial.

■ Appellant did not object to the manner of notice or the specificity thereof regarding the Kerr County conviction. Appellant made no claim that he or his counsel were unaware of his previous criminal mischief conviction. Appellant does not contend that he did not have an adequate opportunity to marshal arguments against the admission of the misdemeanor criminal mischief conviction. Further, appellant has not shown any unfair surprise nor does he dispute the State's contention that the prosecutor did not learn of the conviction until the Sunday before trial on Tuesday. Appellant does not claim there was a lack of diligence by the prosecutor. There is no accusation that the State was "playing games" with appellant. If the State's duty to give notice arises from a proper request and it complies, surely the State has a continuing duty to provide notice to a defendant of other extraneous matters it subsequently discovers and intends to utilize at trial. *See Dix,* § 22.102 at 499.

It is appellant's argument on appeal that his counsel did not receive the Sunday fax until Monday morning, and the resulting one day's notice was not "reasonable" notice, despite the fact that evidence of the criminal mischief conviction was not introduced until Thursday at the penalty stage along with appellant's other unobjected-to convictions. Appellant urges the one-day notice was unreasonable per se.

Appellant relies upon *Neuman, Hernandez,* and *Self,* previously cited, to support his contention. All of these cases are distinguishable. They all involved unadjudicated extraneous matters offered at the guilt-innocence stage of the trial and each case involved only Rule 404(b). The instant case involved a final conviction offered only at the penalty stage of the trial under article 37.07, section 3(g) as a part of appellant's prior criminal record. In *Self,* the eleven-day advance notice of the unadjudicated matter was held reasonable under Rule 404(b). *See* 860 S.W.2d at 264. In *Hernandez,* the State's notice of an unadjudicated matter on Friday afternoon was held not reasonable when the trial began Monday morning. *See* 914 S.W.2d at 234. The error was, however, deemed harmless. *See* 914 S.W.2d at 238. In *Neuman,* the extraneous unadjudicated matter was a threatening telephone call introduced at the first stage of the bifurcated trial. See 951 S.W.2d at 540. The State unsuccessfully attempted to give notice of its intention to use this evidence on Friday but did not actually give notice until the following Monday during jury selection. *See id.* The notice was held to be unreasonable "under the circumstances." *See id.* The claim of harmless error was rejected. *See id.* at 542.

*Ramirez* is more closely akin to the instant case. After reviewing *Neuman, Hernandez,* and *Self,* the *Ramirez* court held that the three-days' notice by the State was reasonable under article 37.07, section 3(g) as to juvenile adjudications and felony convictions introduced at the penalty stage only. *See Ramirez,* 967 S.W.2d at 923. *Ramirez* appears to make clear that there is no bright line as to the number of days or amount of time alone constitutes reasonable notice and indicates that the trial court should determine the issue on a case-by-case basis under the totality of the circumstances.

■ In the instant case, the trial court found that the State gave notice as soon as

it discovered the prior conviction and the notice was reasonable under the circumstances. We have found no other case involving a belated discovery by the State of a prior conviction after its duty to give notice has arisen.

■ An appellate court reviews the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Green v. State,* 934 S.W.2d 92, 101–02 (Tex.Crim.App.1996); *Montgomery v. State,* 810 S.W.2d 372, 379–80 (Tex. Crim.App.1990); *Otero v. State,* 988 S.W.2d 457, 459 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd). A reviewing court should not reverse a trial court whose ruling was within the "zone of reasonable disagreement." *Montgomery,* 810 S.W.2d at 391. We conclude that it was not beyond the zone of reasonable disagreement for the trial court to hold that the prior conviction for criminal mischief was admissible.

### HARMLESS ERROR?

■ If the trial court erred in admitting the prior conviction, the error was harmless. Rule 44.2(b) provides: "Other [than constitutional] errors. Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Tex.R.App. P. 44.2(b). A substantial right is affected "when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997) (citing *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).

■ In arguing that the error was harmful, appellant cites cases dealing with former Rule 81(b)(2), not the current Rule 44.2(b). Appellant adds: "Here, where the jury's decision on punishment was most certainly whether to allow a sentence of community supervision, or to send Patton to the penitentiary, his prior offense—especially an offense resulting in a conviction—was of paramount importance." In making such argument on appeal, appel-

lant overlooks the fact that he elected to have the jury assess punishment and made no application for community supervision (probation). The issue was not submitted to the jury. In fact, he was not eligible for community supervision from the jury because of a prior felony conviction. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 4(e) (West Supp.2000).

Further, appellant argues that State's exhibit No. 1 at the penalty stage (criminal mischief conviction) contained the motion to revoke community supervision listing seventeen violations, the order revoking community supervision, and other prejudicial details. Appellant adds: "Looking at the list of violations, the jury undoubtedly determined that community supervision in this case was not an option." As noted, the issue of community supervision was not before the jury in this case. Moreover, appellant made no objection to the content of State's exhibit No. 1 and did not move to redact any portion of the exhibit. His only objection was that he had not received reasonable notice. Appellant did not preserve any error as to the content of State's exhibit No. 1. *See* Tex.R.App. P. 33.1(a)(1)(A). The error presented on appeal must be the same as the trial objection. *See Rhoades v. State,* 934 S.W.2d 113, 121 (Tex.Crim.App.1996); *Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App. 1990).

The jury had before it evidence of the manslaughter charge and the other three prior convictions. The prosecutor asked for the maximum punishment of twenty years. The jury assessed seven years' imprisonment and no fine. We cannot conclude that the error, if there was one, had a substantial and injurious effect upon the jury's verdict. Any error was harmless under article 44.2(b). *Cf.* Tex.R. Evid. 103(a). Appellant's sole contention is overruled.

The judgment is affirmed.