# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00624-CR

**Donald Eugene Linder, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 00-263-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

Appellant Donald Eugene Linder pleaded guilty before a jury to burglary of a habitation. *See* Tex. Pen. Code Ann. ' 30.02 (West Supp. 2002). The jury assessed punishment at imprisonment for sixty years. Linder now urges that the district court erred by permitting the State to introduce evidence of two previous convictions despite having failed to give proper notice of its intention to do so.[1] We will affirm.

---

[1] The attorney originally appointed to represent Linder on appeal filed a brief concluding that the appeal was frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967). Linder filed his own pro se brief in which he raised the notice issue. After examining the record, this Court concluded that this was an arguable, nonfrivolous ground for appeal. Accordingly, the district court was ordered to appoint substitute counsel to brief this and any other arguable point counsel might find upon examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Deanna Horton and her four-year-old daughter spent the night of January 22-23, 2000, with her friend Mendey Franks and Franks=s fiancé Charlie Rose. Around 4:30 a.m., Horton was awakened by the sound of Linder entering the room she was sharing with her daughter. Linder was extremely intoxicated B he had ingested methamphetamine and had a blood alcohol concentration of .249 B and was armed with a pistol. Linder ordered Horton to get on her hands and knees and threatened to kill her. When he put the pistol down and began fumbling with bullets, Horton picked up her daughter and fled into the bedroom where Franks and Rose were sleeping. Linder followed her into the bedroom, where he alternately pointed the pistol at Franks and Rose and threatened to kill them. Linder twice attempted to shoot Franks, but the pistol did not fire. On his third attempt, the gun fired but no one was hit. After a brief struggle, Rose Achunked [Linder] out the window@ and he fled to a nearby wooded area where he was soon found and arrested.

Linder was indicted for attempted capital murder (in two paragraphs) and burglary of a habitation (also in two paragraphs). At a pretrial hearing on June 27, 2000, the district court granted Linder=s motion for notice pursuant to article 37.07, section 3(g) and evidence rules 404(b) and 609(f). Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(g) (West Supp. 2002); Tex. R. Evid. 404(b), 609(f). The court ordered that the required notice be given at least ten days before trial. On July 14, the State notified Linder of its intention to introduce evidence of his four Minnesota convictions for forgery, damage to property, burglary, and disorderly conduct.

Linder was arraigned on July 24. He pleaded guilty to the burglary paragraph alleging that he entered a habitation and thereafter committed or attempted to commit aggravated assault. He pleaded

not guilty to both attempted capital murder paragraphs and to the paragraph alleging burglary with intent to commit aggravated assault or murder, and the State subsequently abandoned those paragraphs. Linder had elected to have a jury assess punishment, and jury selection began immediately after arraignment. Also on July 24, the State filed a written supplemental notice stating that it intended to offer evidence of Linder=s previous misdemeanor convictions in Williamson County for driving while intoxicated and possessing a prohibited weapon.

The next day, Linder entered his guilty plea before the jury and testimony began. *See Williams v. State*, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984) (plea of guilty before jury becomes trial on punishment). On the second day of testimony, Linder objected to the State=s proffer of evidence regarding the two Williamson County convictions on the ground that he had not been given timely notice of the State=s intention to introduce them. Linder=s counsel told the court that she first learned that the State intended to introduce evidence of those convictions on the morning of July 24. Counsel acknowledged having previously known about the DWI conviction but stated that Athe possession of prohibited weapon is something I knew nothing about.@ Counsel added, A[I]f that comes in, that could affect my whole theory of how I=ve handled the case, how I voir dired the case, because I didn=t know anything about it.@ The prosecutor stated that she had realized on July 24 that she had neglected to notify the defense of the two Williamson County convictions and that she had acted to give notice immediately after realizing her mistake.[2] The prosecutor added that Anotice was given prior to voir dire. So she did B I don=t think that she can say

---

  [2] It is unclear from the prosecutor=s statements whether she did not learn of the Williamson County convictions until the day before trial began, or if she merely realized on that date that she had omitted these convictions from her earlier notice.

that she voir dired differently.@ The court overruled Linder=s objection to the admission of the Williamson County convictions but recessed the trial for one hour to give defense counsel additional time to prepare.

AOn timely request of the defendant, notice of intent to introduce evidence [at the punishment stage of trial] shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence.@ Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(g) (West Supp. 2002). Rule 404(b) requires that, on timely request, Areasonable notice@ be given by the State of its intent to introduce evidence of other crimes, wrongs, or acts by the defendant. Tex. R. Evid. 404(b). Rule 404(b) does not define Areasonable@; neither does article 37.07, section 3(g) as it applies to evidence of final convictions.[3]

The reasonableness of the State=s notice generally turns on the facts and circumstances of each individual case. *Patton v. State*, 25 S.W.3d 387, 392 (Tex. App.CAustin 2000, pet. ref=d). In *Patton*, the State gave notice of its intent to introduce evidence of a conviction from another county two days before trial began, which was when the prosecutor first became aware of the conviction. *Id*. at 393. The Court held that it was not an abuse of discretion for the trial court to conclude that this was reasonable notice under the circumstances, but added that there had been no harm to the defendant in any case. *Id*. at 394.

In *Neuman v. State*, 951 S.W.2d 538, 539 (Tex. App.CAustin 1997, no pet.), a prosecution for aggravated assault, the State notified defense counsel on the day trial began of its intention

---

[3] Section 3(g) does specify what is reasonable notice of an extraneous crime or bad act that has not resulted in a final conviction.

4

to introduce a recording of a threatening telephone call from the defendant to the complainant made one month before the offense. It was obvious from the circumstances that the State had been in possession of the recording for some time. *Id*. The Court concluded that reasonable notice had not been given and that the error was harmful. *Id*. at 540-42.

This cause is distinguishable from *Patton*. The two convictions for which belated notice was given were local, and thus the prosecutor=s failure to discover them (if that is what happened) is harder to excuse. Further, the prosecutor had been expressly ordered to give the defense at least ten days= notice. Under these circumstances, notice given on the day trial began cannot be considered reasonable and the district court abused its discretion by concluding otherwise. AThe logical and proper consequence of violations of section 3(g) is that the evidence is inadmissible.@ *Roethel v. State*, No. 03-01-00268-CR, slip op. at 6, 2002 Tex. App. LEXIS 4437, at *9 (Tex. App.CAustin June 21, 2002, no pet. h.). Linder=s objection to the admission of the two Williamson County convictions should have been sustained.

The erroneous admission of evidence for which reasonable notice was not given pursuant to article 37.07, section 3(g) may be disregarded if the defendant=s substantial rights were not affected. *Id*., slip op. at 7, LEXIS at * 10. In *Roethel*, we held that the harm resulting from a violation of the section 3(g) notice requirement must be analyzed in light of the statute=s intended purpose, which is to enable the defendant to prepare to meet the evidence of other offenses or convictions. *Id*., slip op. at 7-8, LEXIS at *11-13. Accordingly, we will examine the record to determine whether the lack of notice resulted from prosecutorial bad faith or prevented Linder from preparing for trial. *Id*., slip op. at 9, LEXIS at *14.

**5**

The district court found that the failure to give notice was the result of an honest mistake and that the prosecutor had not acted in bad faith. We agree that there is no indication from the record that the prosecutor intended to mislead Linder or deny him a fair opportunity to prepare a defense.

Linder argues that his defensive strategy was impaired by the defective notice because at the time he decided to plead guilty before the jury, he had not been notified that the State planned to introduce evidence of the two Williamson County convictions. But Linder was not bound by his plea at arraignment and was free to change strategy once he learned of the State=s intent to use the two additional convictions. Nor was Linder=s defense impaired if, as defense counsel asserted but the prosecutor denied, notice of the Williamson County convictions was given after voir dire. Defense counsel knew that the State intended to introduce evidence of the four Minnesota convictions, and thus she knew that she might need to discuss with the panelists the weight they would give to a record of convictions.

The record reflects that Linder declined a plea bargain offer of forty years= imprisonment made by the State before he was formally indicted. Although Linder later indicated a desire to accept the offer, by that time it had been withdrawn and the State refused to enter into further plea negotiations. Faced with a trial and the State=s strong evidence of his guilt, Linder=s apparent defensive strategy was to accept responsibility for his actions by pleading guilty and admitting his prior record, while at the same time offering testimony that he was not by nature a violent person and that he had never before engaged in a similar act of violence. We are not persuaded that Linder would have chosen a different strategy had the State given timely notice of its intention to prove the two Williamson County convictions. Both convictions were for misdemeanors; Linder was fined $50 in the weapon case and placed on probation for the DWI. Neither

**6**

offense was particularly serious, either standing alone or by comparison with the four Minnesota convictions, three of which were felonies. Although she did not know that the State intended to use it at trial, Linder=s counsel had been aware of the DWI conviction and Linder does not argue that counsel did not have adequate time to investigate the validity of the two Williamson County convictions or to prepare to deal with them at trial.

We conclude that the erroneous admission of the two convictions for which reasonable notice was not given did not, under the circumstances shown, affect Linder=s substantial rights. Tex. R. App. P. 44.2(b). The judgment of conviction is affirmed.[4]

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: July 26, 2002

Do Not Publish

---

[4] In a supplement to her brief, Linder=s counsel on appeal briefly addresses the other errors alleged by Linder in his pro se brief and explains why she believes that they do not constitute reversible error. We agree that the only arguable point of error raised in the pro se brief is the notice issue, which appointed counsel ably argued in her brief.