IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00049-CR

 

James Authur Densey,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 03-04509-CRF-272

 



MEMORANDUM  Opinion










 

      Appellant appeals his conviction for
first-degree-felony possession of cocaine with intent to deliver.  See Tex. Health & Safety Code Ann.
§ 481.112 (Vernon 2003).  We will affirm.

1.   Sufficiency of the Evidence.  In
Appellant’s third and fourth issues, he contends that the evidence of his
intent to deliver was insufficient.  Appellant argues that he was not in
possession of guns or equipment for manufacturing crack, and did have a crack
pipe.  The State points primarily to the following evidence.  A police officer
saw Appellant about to deliver crack in a high-drug-traffic area.  Appellant
was in possession of crack in a quantity and form for sale, and in possession
of over $6000 in cash, in denominations for the purchase and sale of crack.  

1.   a.    Legal Sufficiency.  In Appellant’s
third issue, he contends that the evidence was legally insufficient.  We hold
that a rational trier of fact, viewing the evidence in the light most favorable
to the verdict, could have found beyond a reasonable doubt that Appellant
intended to distribute cocaine.  See Jackson v. Virginia, 443
 U.S. 307, 319 (1979); Prible v. State, No. AP-74,487, 2005 Tex. Crim. App. LEXIS 110, at *12-*13 (Tex. Crim. App. Jan. 26, 2005).  We overrule
Appellant’s third issue.

1.   b.   Factual Sufficiency.  In
Appellant’s fourth issue, he contends that the evidence was factually
insufficient.  Viewing the evidence in a neutral light, the evidence is not so
weak that the verdict is clearly wrong or manifestly unjust, nor is the
contrary evidence so strong that the beyond-a-reasonable-doubt standard could
not have been met.  See Prible, 2005 Tex. Crim. App. LEXIS 110, at *16; Zuniga
v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  We overrule
Appellant’s fourth issue.

2.   Batson Objection.  In Appellant’s second issue, he contends that
the trial court erred in overruling Appellant’s Batson objection.  See
Batson v. Kentucky, 476 U.S. 79 (1986); Gibson v. State, 144 S.W.3d
530, 531 (Tex. Crim. App. 2004).  Three African-Americans were among the first
thirty-six members of the voir-dire panel.  One sat on the jury, and the State
used peremptory challenges against the other two.  The State gave, as
race-neutral reasons for striking the two, that both favored rehabilitation
over punishment, and that: (1) one had seen crack and had gone to school
with Appellant; and (2) the other knew people that used crack.  Appellant
argues that the State did not strike other panelists who had a poor opinion of
crack users, or who valued rehabilitation.  The trial judge’s ruling was not clearly
erroneous.  See Gibson at 533-34; Cantu v. State, 842 S.W.2d 667,
689 (Tex. Crim. App. 1992) (multiple race-neutral reasons).  We overrule
Appellant’s second issue.

3.   Motion to Suppress Evidence.  In
Appellant’s fifth issue, he contends that the trial court erred in overruling
Appellant’s motion to suppress evidence.  Appellant contends that the
circumstances of Appellant’s stop were such that the police officer could not
have seen Appellant’s cocaine in plain view.  The trial court did not abuse its
discretion in overruling the motion.  See State v. Mechler, 153
S.W.3d 435, 438-39 (Tex. Crim. App. 2005); Dyar v. State, 125 S.W.3d
460, 462 (Tex. Crim. App. 2003).  We overrule Appellant’s fifth issue.

4.   Extraneous-Offense Evidence. In Appellant’s first issue, he contends that
the trial court erred in the penalty phase in overruling Appellant’s objections
to evidence of Appellant’s extraneous offenses, and, having so erred, erred in
denying a motion for continuance.  Appellant complains of evidence of his convictions
and of testimony concerning his unadjudicated bad acts, namely that he
distributed cocaine and promoted prostitution.  Appellant filed his request for
notice on January 8, 2004.  On Wednesday, January 28, the State gave Appellant
notice of intent to offer evidence of the convictions and disclosed the search
warrant, which included confidential informants’ statements that Appellant
distributed cocaine and promoted prostitution over at least one month.  The
next day, the State’s unadjudicated-act witness became available to testify,
and the State gave supplemental notice concerning the unadjudicated acts
concerning which she was expected to testify.  Trial began on Tuesday, February
3; the parties selected a jury on that date.  The evidence in the guilt-or-innocence
phase of trial opened on February 4.  On February 5, Appellant cross-examined
the State’s unadjudicated-act witness.  Later that day, the penalty phase began
and the trial court admitted the unadjudicated-act evidence of which Appellant complains. 


4.   a.    Convictions.  First, Appellant
complains of evidence of his convictions.  Appellant argues that he was not
able to get copies of the judgments of those convictions until the second day
after he received notice from the State.  Appellant had eight days’ notice,
including six business days.  The trial court did not abuse its discretion in
overruling Appellant’s objection to evidence of Appellant’s convictions.  See
Prible, 2005 Tex. Crim. App. LEXIS 110, at *17; Ellison v. State, 86
S.W.3d 226, 227 (Tex. Crim. App. 2002); Scott v. State, 57 S.W.3d 476,
480 (Tex. App.—Waco 2001, pet. ref’d) (timing of defendant’s request).

4.   b.   Unadjudicated Acts.  Next,
Appellant complains of evidence of his unadjudicated conduct.  Appellant argues
that he was unable to review the witness statements for personal reasons.  
Appellant had seven days’ notice, including five business days.  The trial
court did not abuse its discretion in overruling Appellant’s objection to
evidence of Appellant’s bad acts.  See Prible, 2005 Tex. Crim. App.
LEXIS 110, at *17; Ellison, 86 S.W.3d at 227; Hayden v. State, 66
S.W.3d 269, 272 (Tex. Crim. App. 2001) (witness statements); Cate v. State, 124
S.W.3d 922, 930 (Tex. App.—Amarillo 2004, pet. ref’d) (notice providing
reasonable range of dates generally sufficient); Splawn v. State, 949
S.W.2d 867, 870 (Tex. App.—Dallas 1997, no pet.) (same); Scott, 57
S.W.3d at 480 (no surprise where defendant cross-examines extraneous-offense
witness); Henderson v. State, 29 S.W.3d 616, 625 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d); Patton v. State, 25 S.W.3d 387, 392 (Tex.
App.—Austin 2000, pet. ref’d).

4.   c.    Motion for Continuance.  Next,
Appellant complains of the trial court’s overruling of Appellant’s motion for
continuance that Appellant made for the purpose of securing the presence of a
witness to impeach the State’s unadjudicated-act witness.  Appellant presents
nothing for review, where his motion for continuance is not in the statutory
form, and Appellant did not preserve the issue by a motion for new trial.  See
Tex. Code Crim. Proc. Ann. art.
29.06(6) (Vernon 1989); Tex. R. App.
P. 33.1(a);  Taylor v. State, 612 S.W.2d 566, 569 (Tex. Crim. App.
[Panel Op.] 1981).

      We overrule Appellant’s first issue.  

      Having overruled Appellant’s issues, we
affirm the judgment.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

      (Justice
Vance concurring with note)*

Affirmed

Memorandum
opinion delivered and filed July 6, 2005

Do
not publish

[CRPM]

  *  “(Justice Vance concurs.  The perfunctory
manner in which this opinion disposes of most of the issues does not assist the
litigants, the higher courts, the Bench and Bar, or the public.  I believe we
should provide more of the facts and our analysis in memorandum opinions. 
Thus, I cannot join this opinion.)”