SADARANGANI V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-498-CR

RAMESH MIRCHUMAL SADARANGANI APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Ramesh Mirchural Sadarangani appeals from his conviction for violating a protective order.  In five points, Appellant argues that the trial court abused its discretion by admitting certain extraneous-offense evidence.  We affirm.

Background

Appellant and Geeta Sadarangani were married in 1992, had two sons, and divorced in 2001.  On October 30, 2001, the 231st District Court of Tarrant County granted Geeta a protective order of two years’ duration that prohibited Appellant from, among other things, going within 200 yards of Geeta’s residence except to pick up or drop off the children for visitation. 

Geeta testified that on June 19, 2003, she was dropping one of her sons off at a neighbor’s house within 200 yards of her own home when she saw Appellant drive slowly past.  She reported the violation of the protective order to police later that day.  Police arrested Appellant, and he was charged by information with violating the protective order.  

During its rebuttal case at trial, the State called Arlington Police Investigator Esperanza Buckle.  Investigator Buckle testified, among other things, about how the Police Department investigates complaints.  On cross-examination, Appellant offered into evidence the arrest warrant affidavit sworn by Investigator Buckle and cross-examined her about inconsistencies between the recitations in the affidavit and Geeta’s testimony at trial.  The affidavit also stated that “[Appellant’s] criminal history shows he has been arrested twice for Violation of Protective Order,” though Appellant did not question Investigator Buckle about that statement. 

When the State took Investigator Buckle on redirect, it requested the trial court’s permission to question Investigator Buckle about Appellant’s prior violations, arguing that Appellant had “opened the door” to such evidence by offering the arrest warrant affidavit.  Appellant objected that the State waived its right to examine Investigator Buckle about the prior offenses when it failed to object to the admission of the affidavit and that Investigator Buckle’s testimony about his prior violations was speculative and inflammatory.  The trial court ruled that Appellant had opened the door to the prior violations and allowed the State to examine Investigator Buckle concerning the two violations she knew about.  After questioning Investigator Buckle about those violations, the State recalled Geeta to the stand.  Geeta testified that Appellant violated the protective order on three prior occasions and was arrested twice.  Appellant made relevance objections to her testimony, and the trial court overruled his objections.  Appellant then called his brother and questioned him about the prior violations and Appellant’s subsequent guilty pleas and jail time. 

Discussion

In his first point, Appellant argues that the trial court abused its discretion by ruling that Appellant had opened the door to the admission of evidence concerning prior violations of the protective order.  Specifically, Appellant argues that evidence concerning his prior convictions violated Texas Rule of Evidence 609.  Rule 609 permits impeachment of a witness by evidence of conviction of a felony or a crime involving moral turpitude when the court determines that the probative value of the evidence outweighs its prejudicial effect.  T
ex. R. Evid. 609(
a).

Appellant did not object to the State’s rebuttal evidence on the basis of Rule 609.  Thus, Appellant did not preserve this complaint for our review.  
See 
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999)
.  Even if Appellant had objected on the basis of rule 609, that rule has no application to this case because the State was not attacking the credibility of any witness.  
See
 
Tex. R. Evid. 609
(a).  The evidence in question pertained to Appellant’s prior convictions, but Appellant did not testify at trial.

Appellant relies on 
Otero v. State
, 988 S.W.2d 457 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d).  His reliance is misplaced.  In 
Otero
, the defense offered a 107-page FAA application prepared by 
the defendant
 in which the defendant had misstated that he had never been convicted of DWI by checking a single box “buried” on page 102 of the application.  
Id.
 at 459.  The trial court ruled that the exhibit opened the door to proof of a prior DWI conviction.  
Id.
  The court of appeals held that the defendant’s inadvertent interjection of his misrepresentation about his lack of DWI convictions did not, under the circumstances, open the door to the prior-offense evidence.  
Id.
 The crucial difference between 
Otero
 and this case is who made the statement in question. In 
Otero, 
the 
defendant
 made the statement in the FAA application denying prior convictions; thus, rule 609 was implicated.  
Id.  
In this case, Appellant offered not his own statement but that of Investigator Buckle; thus, rule 609 is not implicated.  We therefore overrule Appellant’s first point.

In his second point, Appellant argues that the trial court abused its discretion by admitting the prior-offense evidence because the State did not deliver its notice of intent to offer such evidence until the day of trial.  Rule 404(b) provides that extraneous-offense evidence is admissible under certain circumstances “provided that 
upon timely request by the accused
 in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State’s case-in-chief such evidence[.]” 
Tex. R. Evid
. 404(b) (emphasis added).

Appellant did not request notice as required by Rule 404(b).  
Thus, the State had no obligation to provide such notice.  
See id.  
We therefore hold that the trial court did not abuse its discretion, and we overrule Appellant’s second point.

In his third point, Appellant argues that the trial court abused its discretion by admitting the prior-offense evidence because the State did not show relevance apart from propensity and because the trial court did not balance the probative value against the risk of unfair prejudice.  Appellant cites rules 403, 404(b), and 609 as the basis for his argument. 

Rule 403 excludes evidence if its probative value is substantially outweighed by the danger of unfair prejudice.  
Tex. R. Evid. 
403.  Rule 404(b) excludes extraneous-offense evidence offered to prove the character of a person in order to prove that a person acted in conformity with that character.  
Tex. R. Evid.
 404(b).  Rule 609 precludes impeachment by evidence of a prior conviction unless the trial court determines that the probative value of admitting the evidence outweighs its prejudicial effect.  
Tex. R. Evid.
 609(a).

We have already determined that rule 609 does not apply to this case because the State did not offer the evidence to impeach any witness.  
See.id.
  As for rules 403 and 404(b), Appellant made no objections at trial that would implicate either of those rules.  Therefore, Appellant has not preserved his complaint relating to those rules for our review.  
See 
Tex. R. App. P.
 33.1(a)(1); 
Mosley
, 983 S.W.2d at 265.  Thus, we overrule his third point.

In his fourth point, Appellant argues that the trial court abused its discretion by allowing the State to present rebuttal evidence because there was nothing to rebut.  When the State called Investigator Buckle at the beginning of its rebuttal case, Appellant moved to take her on voir dire to “ask outside the presence of the jury what exactly the rebuttal is [that is] going to be heard.
” The trial court denied his request.  Appellant made no objections to the State’s case in rebuttal generally and did not raise the complaint that forms the basis of his fourth point on appeal.  We therefore hold that Appellant has forfeited this complaint and overrule his fourth point.  
See 
Tex. R. App. P.
 33.1(a)(1)
.

In his fifth point, Appellant argues that the errors alleged in his first four points were harmful.  Because we have overruled Appellant’s other points, we need not address his fifth point.  
See
 
Tex. R. App. P.
 47.1.

Conclusion

Having overruled Appellant’s first four points and declined to address his fifth point, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 20, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.