# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-05-00191-CR

**Julian Villanueva, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. D-1-DC-2004-904184, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

### O P I N I O N

Appellant Julian Villanueva was convicted of sexual assault of a child in 1989. As a sex offender, he was required to register with local law enforcement and keep his address current with the authorities. *See* Tex. Code Crim. Proc. Ann. art. 62.051 (West 2006).[1] In 2004, he was indicted for six counts of failure to register as a sex offender spanning from May to October 2003.[2] A jury convicted appellant of all six counts, enhanced to a first-degree felony by allegations of four earlier felony convictions from 1984 and 1986, and sentenced him to forty-five years' imprisonment

---

[1] Appellant was indicted in 2004 for his failure to register in 2003. In 2005, chapter 62 of the code of criminal procedure was amended and renumbered. *See generally* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, 2005 Tex. Gen. Laws 3385. The 2005 amendments do not effect the substance of the statutes in question in this case. For convenience, we will refer to the current version of the code.

[2] For each count, the indictment alleged that appellant failed to report a change of address or, alternatively, failed to report an intended change of address. *See* Tex. Code Crim. Proc. Ann. art. 62.051 (West 2006).

for each count.  On appeal, he complains that the evidence is legally and factually insufficient to support the jury's verdict and that the trial court erred in admitting certain evidence.  We reform the judgment of conviction and affirm the judgment as reformed.

Appellant was charged with six counts of failure to register for the months of May, June, July, August, September, and October 2003.  For each count, the indictment alleged that appellant failed to report a change of address or an intended change of address on the 10th of the month.  In other words, from May through October 2003, for each month that passed without appellant registering, the State alleged a new count of failure to report a change or intended change of address.  Appellant complains that the evidence is insufficient to support the convictions because there was no evidence that he moved from month to month, that he made any moves into or within Travis County, or that he had an intent to change his address.

A person convicted of a "reportable conviction," including sexual assault of a child, *id*. art. 62.001(5), (6) (West Supp. 2007), must timely register with local law enforcement in any municipality in which he resides or intends to reside for more than seven days.  *Id*. art. 62.051(a). If a person who is required to register does not move to an intended address within seven days of his release or his departure from a previous residence, he must provide a temporary address and check in at least once a week while his address is temporary.  *Id*. art. 62.051(h).  Unless convicted more than once for a sexually violent offense, a person required to register who does not move must still report once a year within thirty days before or after his birthday.  *Id*. art. 62.058(a) (West 2006). Failure to comply with any of the registration requirements set out in chapter 62 is a felony offense. *Id*. art. 62.102 (West 2006).

Appellant was released on mandatory supervision three times between 1989 and 2003, apparently returning to custody due to parole violations. All three times, he signed documents explaining the conditions for his release, including the requirement to comply with the sex-offender registration program. After his release in 2000, appellant complied with those requirements, registering with the Travis County Sheriff's Department, providing an address, and returning to update his information. On April 25, 2003, appellant was released from prison and signed a document assigning him a residence at a work-release facility. In that document, the address was provided and appellant was instructed to report to the Travis County Sheriff's Department within seven days of his release. Appellant's parole officer testified that when a sex offender is released, standard procedures require him to be informed of the registration requirements and instructed to take a bus to Austin, where his parole officer would be waiting for him. Appellant's parole officer testified that she arrived at the bus station to meet appellant and drive him to the work-release facility, but that appellant did not get off the bus or arrive by some other means at the facility. Appellant never reported to his parole officer, the Travis County Sheriff's Office, or the Department of Public Safety. He was arrested in October 2003, and on his arrest he provided an address in Austin.

Having reviewed the evidence, we hold that the evidence is both legally and factually sufficient to support one conviction for failure to register. The evidence establishes that appellant, who was assigned an address at the work-release facility, failed to arrive at that address as required. This supports a finding that appellant changed his address from assigned work-release facility to

3

another address without reporting the intended or completed change as required. *See id.* art. 62.051. We overrule appellant's first two issues as they apply to the first charge of failure to register.

The evidence does not, however, support appellant's conviction for the additional five counts making the same allegations. The record contains no evidence that appellant moved every month between May and October, and nothing in article 62.051 supports the State's decision to allege new offenses for the same action on a monthly basis. *See id.* If we allow the State to charge appellant under chapter 62 in such a way, the State could just as easily level new charges against other defendants for every week or even every day that passes without a required registration. Instead, article 62.051 allows the State to charge a defendant if he changes his address without registering the change. The evidence here supports only one such charge—the change from the assigned work-release address, a change that occurred when appellant failed to appear at his assigned address and register with the Sheriff's Department and his parole officer. We sustain appellant's first two issues as to counts two through six.

Finally, appellant complains of the trial court's admission of the booking sheet from his 2003 arrest and his parole violation report from April 2003, complaining that both documents contained inadmissible hearsay, and testimony by law enforcement personnel related to those objections. Even assuming that the admission of the records or related testimony was improper, it would not be reversible error. *See* Tex. R. App. P. 44.2(b); *Patton v. State*, 25 S.W.3d 387, 394 (Tex. App.—Austin 2000, pet. ref'd). As discussed above, the evidence, even excluding the objected-to evidence, was sufficient to show that appellant was informed of his duties to register as

4

a sex offender, was told his assigned address, never appeared at that address, and failed to register a different address upon his release.  We overrule appellant's issues three through seven.

We have held that the evidence is sufficient to support a single conviction for failure to register.  The evidence does not support the remaining five convictions.  We therefore reform the judgment of conviction to reflect a single conviction and a single forty-five year sentence on count I, deleting the other five counts from the judgment.  We affirm the judgment as reformed.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Reformed and, as Reformed, Affirmed

Filed:   April 25, 2008

Publish