# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00186-CR

**Ramiro Rea, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
## NO. D-1-DC-10-301285, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant, Ramiro Rea, guilty of robbery, and he pleaded true to an enhancement for a prior felony conviction. *See* Tex. Penal Code Ann. §§ 12.42 , 29.02(West 2011). Following the punishment phase of trial, at which the State presented evidence of appellant's past criminal offenses and gang membership, the jury assessed appellant's punishment at 14 years in prison. Appellant asserts, in a single issue, that he was deprived of his right to fair notice by the State's untimely disclosure of its intent to present punishment evidence of appellant's gang membership. We will affirm the conviction.

## BACKGROUND

Appellant was charged with robbery stemming from an altercation that took place on May 29, 2010. On that evening, two men confronted complainant Rodolfo Mora outside a grocery store and demanded money from him. When Mora refused, one of the men struck Mora, and a fight

ensued. Mora was repeatedly hit and kicked by the two men. The two assailants took 100 dollars from Mora's pocket, as well as his wallet, and fled the scene. Mora and other witnesses to the robbery described one of the assailants as a male who was wearing a white t-shirt and had tattoos on his right arm. Mora identified appellant in a photographic lineup as the man with the tattoos and the white t-shirt.

On January 27, 2011, eight business days before the commencement of trial, appellant filed three motions with the court. The first, entitled "Accused's Motion for Discovery," requested that the court instruct the State to produce "All character evidence sought to be admitted by the State during the guilt/innocence and/or punishment phases of this case under Texas R. Crim. Evid. 404(a), (b) and (c)." The court did not sign an order or otherwise rule on the motion.

The second motion, entitled "Defendant's Motion for Notice," requested that the Court order the attorney for the State (1) to give notice, pursuant to Rule 404(b) of the Texas Rules of Evidence, of "its intent to produce evidence in its case in chief of any other crimes, wrongs, or acts allegedly committed by the defendant other than those alleged in the indictment . . . "; and (2) to give notice, pursuant to article 37.07 of the Code of Criminal Procedure, of "its intent to introduce, at the punishment phase of the trial, evidence of extraneous crimes or bad acts allegedly committed by the defendant." The court did not rule on this motion and did not sign any order.

The final motion, like the first two, was directed to the trial court and was entitled "Rule 404(b) Request for Notice of Intent to Offer Extraneous Conduct." Despite the title, the motion stated that it was filed pursuant to Rule 404(b) as well as article 37.07 and asked the court to "order the State to give notice of its intention to introduce such evidence, if any" of extraneous

crimes, conduct, or bad acts by the defendant. Again, the court did not rule on the motion or sign an order.

On February 3, 2011, five days before the trial began, the State filed a notice of intent to introduce evidence of extraneous conduct during the guilt and punishment phases of the trial. This notice gave reference to 16 criminal offenses, but it did not mention anything about gang membership. Appellant's gang membership was not mentioned until the first day of trial, February 8, 2011. Before the trial began, the prosecutor explained that he had just learned from one of the State's witnesses that appellant had a tattoo indicating membership in Tango Blast, a prison gang. The prosecutor emphasized that the State had only learned of appellant's alleged gang membership that morning but indicated that it intended to photograph the tattoos and introduce the photos as evidence of appellant's gang membership during the punishment phase of the trial. Appellant objected, asserting that he had made a proper request for notice under article 37.07(3)(g) and that the State had not provided appellant reasonable notice of its intent to introduce evidence of appellant's gang membership. The trial court did not rule on the objection at that time, and appellant did not move for a continuance. That evening, the State photographed appellant's tattoos.

The next day, before the commencement of the punishment phase of the trial, appellant reasserted his objection that he had not received reasonable notice from the State. Noting that appellant did not assert any bad faith on behalf of the State, the trial court overruled appellant's objection. The State subsequently called two witnesses who testified that appellant's tattoos indicated that he was a member of both the prison gang known as Tango Blast and the Crips street gang. The defense called appellant's mother as its only witness. She testified that appellant's bad

behavior should be blamed on her because she had beaten him as a child. She testified that her abuse had made her son violent and had driven him to become a gang member.

**DISCUSSION**

Following a timely request by the defendant, the State must provide reasonable notice of its intent to introduce evidence of extraneous conduct, crimes, or bad acts by the defendant. *See* Tex. R. Evid. 404(b) (relating to evidence of extraneous conduct introduced during guilt phase of trial); Tex. Code Crim. Proc. Ann. art. 37.07(3)(g) (West Supp. 2012) (relating to evidence of extraneous conduct introduced during punishment phase of trial). The purpose of these notice requirements is to avoid unfair surprise and to allow the defense sufficient time to investigate and prepare a defense to the extraneous conduct. *See Worthy v. State*, 312 S.W.3d 34, 38-39 (Tex. Crim. App. 2010)*; Hernandez v. State*, 176 S.W.3d 821, 825 (Tex. Crim. App. 2005). Because Rule 404(b) and article 37.07(3)(g) do not define "reasonable notice," a court's determination of whether notice is reasonable depends on the facts and circumstances in each individual case. *See Patton v. State*, 25 S.W.3d 387, 392 (Tex. App.—Austin 2000, pet. ref'd). The trial court's decision to admit evidence of extraneous conduct during the punishment phase of the trial is reviewed under an abuse-of-discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996); *Patton*, 25 S.W.3d at 394. The trial court's decision will not be reversed if it is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

Because the State introduced evidence of appellant's gang membership at the punishment phase of trial, article 37.07(3)(g)—rather than Rule 404(b)—applies.[1] Article 37.07(3)(g) of the Texas Code of Criminal Procedure states:

> On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by rule 404(b), Texas Rules of Criminal Evidence . . . . The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

Tex. Code Crim. Proc. Ann. art 37.07(3)(g).

To trigger the State's notice requirement under article 37.07(3)(g), the defendant must choose either to serve the State directly with a request for notice or to file a motion requesting the trial court to order such notice. *See Mitchell v. State*, 982 S.W.2d 425, 427 (Tex. Crim. App. 1998). Because a "discovery motion is not otherwise productive until it is ruled upon by the trial court," *see Espinosa v. State*, 853 S.W.2d 36, 38-39 (Tex. Crim. App. 1993) (similar analysis under Rule 404(b)), a request for notice in the form of a motion must be signed and ruled on by the trial court in order to trigger the State's obligation to give notice. *See Mitchell*, 982 S.W.2d at 427. To hold otherwise would ignore the differences between the legal underpinnings of motions and requests: "[A] 'motion' is directed *to the court* and asks the court to take some action, whereas a self-operative

---

[1] Although the notice requirements of article 37.07(3)(g) and Rule 404(b) are similar, a Rule 404(b) request does not apply to evidence that the State intends to introduce only at the punishment phase of trial. *See Ramirez v. State*, 967 S.W.2d 919, 923 (Tex. App.—Beaumont 1998, no pet.). However, because the notice requirements of the provisions are similar, case law regarding the notice requirements of Rule 404(b) is persuasive for the resolution of article 37.07(3)(g) issues. *See President v. State*, 926 S.W.2d 805, 808 (Tex. App.—Austin 1996, pet. ref'd).

'request' is directed to a party and instructs the party to take some action without the necessity of intervention by the court." *President v. State*, 926 S.W.2d 805, 808 (Tex. App.—Austin 1996, pet. ref'd) (emphasis in original). Hence, until a motion requesting notice from the State is ruled on, it cannot be assumed that the State has knowledge of the request, and no notice from the State is required.

Here, appellant failed to properly request notice as contemplated by article 37.07(3)(g). Instead, all three of appellant's requests were in the form of discovery motions addressed to the trial court. The motions requested and required action by the court. Because the trial court did not rule on these motions, they never became effective and were insufficient to require notice from the State under article 37.07(3)(g). Because appellant failed to request notice from the State directly, the State was not required to provide notice. Therefore, the trial court did not err in admitting the extraneous evidence.[2]

Moreover, even if appellant's request had been proper and the State had been required to provide notice, the notice provided by the State here would have been reasonable because the State gave notice immediately after it learned of appellant's alleged gang membership. Nothing in the record suggests that the State knew of appellant's gang membership before February 8, and appellant

---

[2] Appellant asserts that when the State gave notice of its intent to introduce evidence of his prior criminal offenses, the State was treating his motions as proper requests under article 37.07(3)(g). Therefore, appellant asserts that the State should be estopped from arguing that his request was improper under article 37.07(3)(g). However, because appellant failed to make a proper request under article 37.07(3)(g), and because the State was therefore not required to provide notice, appellant "cannot complain of the timeliness or adequacy of the notice that the State did give." *Smith v. State*, No. 03-97-00795-CR, 1999 WL 314755, at *3 (Tex. App.—Austin May 20,1999, pet. ref'd) (mem. op., not designated for publication).

does not allege that the State possessed this information before trial. Texas courts have consistently found the State's notice to be reasonable when it is given immediately following the State's discovery of the extraneous conduct. *See West v. State*, No. 03-05-00371-CR, 2008 WL 4899189, at *6 (Tex. App.—Austin Nov. 14, 2008, pet. ref'd) (mem. op., not designated for publication) (notice given immediately upon discovering new evidence was reasonable when given five days before trial); *Henderson v. State*, 29 S.W.3d 616, 625 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (notice given immediately upon discovering new evidence was reasonable when given eight days before evidence was introduced); *Patton*, 25 S.W.3d at 393 (notice given immediately upon discovering new evidence was reasonable when given two days before trial). The State cannot be required to give notice of its intent to use extraneous conduct before it has knowledge of such conduct. In any event, appellant's failure to file a motion for continuance waived his right to complain that he was surprised by the State's intent to introduce evidence of his gang membership.

We hold that the trial court did not abuse its discretion in admitting the evidence of appellant's gang membership because (1) appellant did not obtain a ruling from the trial court on his motion, nor did he make a request to the State directly, and the State was therefore not required to provide notice, and (2) even if notice was required, the notice provided by the State was reasonable because the State gave notice as soon as was possible, and appellant failed to seek a continuance. We overrule appellant's appellate issue.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the judgment of conviction.

7

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Rose

Affirmed

Filed:   August 14, 2012

Do Not Publish