**Donald Lewis BURLING, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–01–056–CR.**

Court of Appeals of Texas,
Fort Worth.

June 13, 2002.

David A. Pearson, IV, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles Mallin, Asst. Crim. Dist. Atty. and Chief of the Appellate Section, Sylvia Mandel, Lisa

Callaghan, Jim Renforth, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

Panel B: DAY, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Appellant Donald Lewis Burling and Sherry Knight were acting as parents for L.P., age seven, and her sister, A.M., age ten, while their real mother was serving time in a Texas prison. According to witnesses, the siblings were with Appellant and Sherry in the cab of a U–Haul rental truck, on February 2, 2000. Appellant was driving the U–Haul truck at a high speed on North Sylvania Avenue, when he and Sherry began to argue and the truck began to swerve. Appellant pushed A.M. into Sherry, causing both L.P. and Sherry to fall from the truck onto the pavement. The truck ran over Sherry, killing her. Appellant stopped, and he and A.M. ran back to find Sherry dead in the street. Appellant then walked quickly back to the truck and drove away, leaving L.P. and A.M. alone in the street with Sherry's dead body. Later that day, Appellant was arrested, but denied having a physical altercation with Sherry. He said she accidentally fell from the truck, and when he saw her lying in the street, he "lost it" and left the scene without thinking. Nonetheless, he told the jury that before he left the scene, he asked some unnamed observer to "watch" the two girls. Charged with abandoning a child, Appellant was convicted by a jury and now appeals. We affirm.

### MOTION TO QUASH

At trial, the State waived counts one, three, and four. The State went to trial on count two, abandonment of a child. Appellant asserts that an essential element of the offense, that "the child was exposed to an unreasonable risk of harm," was not included in count two. In pertinent part, the indictment states that Appellant:

did then and there intentionally, abandon [L.P.], a child younger than 15 years of age, by leaving the child in a place, namely, in a street, under circumstances that a reasonable person would believe would place that child in imminent danger of death, bodily injury, and physical and mental impairment.

■ In Appellant's first issue, he contends the trial court abused its discretion by overruling his motion to quash the indictment for lacking the essential element of the offense and therefore failing to state a complete offense. In his second issue, he contends that because the indictment omitted the essential element, it failed to give him adequate notice; thus, the trial court erred by denying the motion.

Texas Penal Code section 22.041(b) states, "[A] person commits [abandonment of a child] if, having custody, care, or control of a child younger than 15 years, he intentionally abandons the child in any place under circumstances that expose the child to an unreasonable risk of harm." TEX. PENAL CODE ANN. § 22.041(b) (Vernon Supp.2002).

If the actor abandons the child under circumstances that a reasonable person would believe would place the child in imminent danger of death, bodily injury, or physical or mental impairment, the punishment is increased to second degree felony status. TEX. PENAL CODE ANN. § 22.041(e). Abandoning a child under section 22.041(b) is a lesser included offense of section 22.041(e) because the offenses differ in the potential injury. The greater offense requires proof of an event that places a child in "imminent danger of death, bodily injury, or physical or mental impairment." TEX. PENAL CODE ANN. § 22.041(e). The

lesser included offense under section 22.041(b) merely requires that a child be left in circumstances that expose the child to an "unreasonable risk of harm." TEX. PENAL CODE ANN. § 22.041(b).

■ The greater offense when properly alleged, necessarily includes all elements of the lesser included offenses whether each of their constituent elements are alleged in the wording of the indictment on the greater offense or not. *Allison v. State*, 618 S.W.2d 763, 764 (Tex.Crim.App. [Panel Op.] 1981). Here, the indictment tracked the statutory elements necessary to prove the second degree offense of abandoning a child by pleading the greater, more serious circumstances. Thus, the indictment necessarily included all the elements of the section 22.041(b) lesser included offense and was not defective. Because the indictment of Appellant was not defective, the trial court did not abuse its discretion or improperly affect Appellant's substantial rights by overruling the motion to quash it. Furthermore, the facts of the offense support the greater charge. We overrule issues one and two.

## EXTRANEOUS BAD ACT EVIDENCE IN GENERAL

■ In connection with his third issue, Appellant argues that the trial court abused its discretion by admitting extraneous bad act evidence that he assaulted Sherry, a matter he characterizes as irrelevant to the issue of child abandonment. We agree with the State's response, however, that the evidence of Appellant's assault on Sherry just before she fell from the truck and was killed amounted to same transaction contextual evidence.

■ As long as the decision to admit evidence is within the "zone of reasonable disagreement," no abuse of discretion is shown. *Montgomery v. State*, 810 S.W.2d 372, 391–92 (Tex.Crim.App.1991). Because no criminal offense occurs in a vacuum,

extraneous offense evidence may be admissible when necessary to the jury's understanding of the charged offense. *Mayes v. State*, 816 S.W.2d 79, 86 n. 4 (Tex.Crim. App.1991). The relevance of the assault on Sherry is that it is a circumstance surrounding why L.P. was left in the middle of North Sylvania Avenue. The prosecutor told the court that the blood and DNA tests, which showed both Appellant's and Sherry's blood in the U–Haul truck, proved that the assault happened and explained why Appellant fled the scene before the police arrived. When a person is accused of an offense committed in a continuous episode, his extraneous bad acts are admissible. *Mann v. State*, 718 S.W.2d 741, 744 (Tex.Crim.App.1986), *cert. denied*, 481 U.S. 1007, 107 S.Ct. 1633, 95 L.Ed.2d 206 (1987). According to A.M., while Appellant and Sherry argued in the truck, Sherry begged Appellant to stop and let her and the girls out of the truck. He refused. Sherry then fell from the truck when Appellant shoved A.M. into Sherry. Appellant then stopped the truck, examined Sherry, and abandoned the children. Thus, we hold the evidence of the assault was part of a continuous episode leading up to the offense and was properly admitted. We overrule Appellant's issue three.

## EXTRANEOUS OFFENSE EVIDENCE AT PUNISHMENT

■ Appellant's fourth and final issue contends that the trial court erred by admitting extraneous offense evidence at punishment when the State had not given him proper notice of the date the bad act occurred, as required by article 37.07, section 3(g). TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp.2002). The actual time period covered by Monica Brown's testimony, however, covers time only from Thanksgiving 1994 to December

1994—a period of no more than six weeks. The purpose of the notice requirement is to prevent unfair surprise to a defendant. *Cole v. State,* 987 S.W.2d 893, 897 (Tex. App.-Fort Worth 1998, pet. ref'd). Appellant does not claim any surprise by the testimony of his former wife, Monica Brown. Moreover, we conclude six weeks is within the time range Texas courts have found reasonable. *Hohn v. State,* 951 S.W.2d 535, 537 (Tex.App.-Beaumont 1997, no pet.) (holding three-and-one-half months was reasonable); *Splawn v. State,* 949 S.W.2d 867, 871 (Tex.App.-Dallas 1997, no pet.) (holding eighteen months was reasonable). We overrule Appellant's fourth issue.

## CONCLUSION

We have carefully considered and overruled each of Appellant's four issues. We affirm the trial court's judgment.