NO. 12-02-00202-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


WONDER MAY WALLACE,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

OPINION


 Wonder May Wallace ("Appellant") appeals her conviction for two counts of injury to a
child, for which she was sentenced to imprisonment for life. Appellant raises five issues on appeal. 
We affirm.


Background

 Roberta Carwell reported to law enforcement that her two young granddaughters, ages seven
and five, had been severely burned and required medical attention. Law enforcement investigated
the matter, discovered that the two girls had suffered severe burns and required medical attention as
reported, and subsequently arrested Appellant, the girls' mother.

 Appellant was indicted on six counts arising from the injuries suffered by the two girls. (1) The
matter proceeded to jury trial. At trial, Appellant's daughters each testified that Appellant had forced
them to sit in a bathtub containing hot water, and caused them to remain in the water either by force
or coercion. 

 Following the presentation of evidence, the parties discussed the court's charge as follows:


 THE COURT: All right. Then both sides having rested, have you had an adequate opportunity to
look at the proposed charge? What says the state?


 [PROSECUTING ATTORNEY]: Yes, Your Honor, the state has, and we have no objections.


 THE COURT: What says the defendant?


 [APPELLANT'S COUNSEL]: Your Honor, I have looked at it, and I have two objections. We are
going to object to failure of the charge to include the state jail felony of endangering a child that is
listed as count three and count six in the indictment. 


 THE COURT: What is your second objection?


 [APPELLANT'S COUNSEL]: My first objection is to count three not being in the charge, and my
second objection is to count six not being in the charge.


 THE COURT: That objection having been timely made is respectfully overruled.



The jury found Appellant guilty as charged. After a subsequent trial on punishment, the jury
recommended that Appellant's punishment be assessed at imprisonment for life. The trial court
sentenced Appellant accordingly and this appeal followed.


Failure to Charge on All Issues

 In her first issue, Appellant argues that the trial court improperly excluded from its charge
two counts alleging state jail felonies. The State argues that Appellant's objection lacked sufficient
specificity to preserve error. 

 Article 36.14 of the Texas Code of Criminal Procedure provides in part:


 Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to
examine the same and he shall present his objections thereto in writing, distinctly specifying each
ground of objection. Said objections may embody errors claimed to have been committed in the
charge, as well as errors claimed to have been committed by omissions therefrom or in failing to
charge upon issues arising from the facts, and in no event shall it be necessary for the defendant or his
counsel to present special requested charges to preserve or maintain any error assigned to the charge,
as herein provided. The requirement that the objection to the court's charge be in writing will be
complied with if the objections are dictated to the court reporter in the presence of the court and the
state's counsel before the reading of the court's charge to the jury.


Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2004); McKee v. State, 785 S.W.2d 921, 925
(Tex. App.-San Antonio 1990, no pet.). Appellant directs us to his general objection to the omission
from the court's charge of counts three and six in the indictment. Such a general objection does not
preserve error. 

 In Pennington v. State, 697 S.W.2d 387, 390 (Tex. Crim. App. 1985), the court of criminal
appeals discussed Article 36.14 as follows:


 This article is mandatory and there must be strict compliance with its provisions to warrant review [by
the appellate court]. (citations omitted). 


 The real purpose of this enactment is to enable the trial judge to know in what respect the defendant
regards the charge as defective and to afford him an opportunity to correct it before reading the charge
to the jury. (citations omitted). 


 This article serves a statutory purpose in preventing the trial judge from being "sand-bagged" and in
preventing unnecessary reversals. (citations omitted). It is a statute which the courts can neither
ignore nor emasculate. (citation omitted). 


 Thus[,] as a predicate for complaint to a jury charge on appeal[,] the accused is required to distinctly
specify each ground of objection. (citation omitted). To constitute a valid objection to jury
instructions, the objection must be specific and clear enough to apprise the trial court of the nature of
the objection. (citations omitted). If the objection is not specific enough, nothing is presented for
review. (citations omitted). 


 It is clear then that a general objection which does not distinctly specify the claimed error in the charge
is not sufficient to preserve error.



Id.; McKee, 785 S.W.2d at 925.

 Here, Appellant objected to the court's exclusion of counts three and six from its charge, but
failed to raise any grounds mandating their inclusion. On appeal, Appellant argues that the trial
court's failure to include the aforementioned issues (1) denied Appellant her right to due process
under the United States and Texas Constitutions, (2) denied Appellant her right to effective
assistance of counsel, (3) denied Appellant the opportunity to voir dire the jury panel on the actual
range of punishment that would be applied, and (4) amounted to an improper amendment of the
indictment in violation of Texas Code of Criminal Procedure, article 28.10. As Appellant wholly
failed to raise to the trial court even one of the arguments which comprise the basis for his
contentions on appeal, he has presented nothing for us to review. Id. Appellant's first issue is
overruled.


Introduction of Extraneous Offenses Concerning Cyril Wallace

 In her second and third issues, Appellant contends that evidence of extraneous offenses was
introduced without his being given proper notice thereof. 

Standard of Review

 We review claims challenging the admission of evidence of extraneous offenses for an abuse
of discretion. See Roethel v. State, 80 S.W.3d 276, 280 (Tex. App.-Austin 2002, no pet.) (citing
Mitchell v. State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996)). We will affirm the trial court's
decision if it is within "the zone of reasonable disagreement." Roethel, 80 S.W.3d at 280. 

 If an abuse of discretion is found because the notice was unreasonable, a harm analysis is
required under Texas Rule of Appellate Procedure 44.2. Id. at 281. To determine if error was
harmful, we examine the record to determine whether the deficient notice resulted from prosecutorial
bad faith or prevented the defendant from preparing for trial. Id. at 282. In determining the latter,
we will look at whether the defendant was surprised by the substance of the testimony and whether
that affected his ability to prepare cross-examination or mitigating evidence. Id.

Governing Law

 Article 37.07, section 3(g) of the Texas Code of Criminal Procedure requires that on timely
request of the defendant, notice of intent to introduce evidence of prior extraneous offenses be given
in the same manner required by Texas Rule of Evidence 404(b). See Tex. Code Crim. Proc. Ann.
art. 37.07 § 3(g) (Vernon Supp. 2004). If the attorney representing the State intends to introduce an
extraneous crime or bad act that has not resulted in a final conviction in a court of record or a
probated or suspended sentence, notice of such intent is reasonable only if the notice includes the
date on which and the county in which the alleged crime or bad act occurred and the name of the
alleged victim of the crime or bad act. Id. The purpose of Article 37.07, section 3(g) is to avoid
unfair surprise, that is, trial by ambush. Nance v. State, 946 S.W.2d 490, 493 (Tex. App.-Fort
Worth 1997, pet. ref'd). 

 The legislature's enactment of article 37.07, section 3(g) limits the trial court's discretion to
admit evidence of extraneous offenses at the punishment phase. Unlike Rule 404(b), article 37.07,
section 3(g) specifies that notice is reasonable only if the notice includes the date on which and the
county in which the alleged crime or bad act occurred. Compare Tex. Code Crim. Proc. Ann. art.
37.07, § 3(g) with Tex. R. Evid. 404(b); see Roethel, 80 S.W.3d at 280. Despite the plain language
of the statute, courts have carved out exceptions to the rule so that the notice need not specify exact
counties. See Roethel, 80 S.W.3d at 280; Roman v. State, 986 S.W.2d 64, 65 (Tex. App.-Austin
1999, pet. ref'd); see also James v. State, 47 S.W.3d 710, 714 (Tex. App.-Texarkana 2001, no pet.).
Courts also have given the State leeway in specificity regarding dates. See Roethel, 80 S.W.2d at
280; Splawn v. State, 949 S.W.2d 867, 870-71 (Tex. App.-Dallas 1997, no pet.); Hohn v. State, 951
S.W.2d 535, 537 (Tex. App.-Beaumont 1997, no pet.).

Issue 2 - Cyril Wallace (1998)

 Appellant's second issue concerns Cyril Wallace's ("Wallace") testimony that Appellant
stabbed him in October 1998. The State's notice of extraneous offenses stated that Appellant
stabbed Wallace in September 1998. 

 Waiver

 The State first argues that Appellant has waived the issue by not making an objection with
the requisite specificity to apprise the trial court of the error of which he now complains. In support
of its argument, the State cites Thompson v. State, 4 S.W.3d 884, 887 (Tex. App.-Houston [1st
Dist.]1999, pet. ref'd) and Patton v. State, 25 S.W.3d 387, 393 (Tex. App.-Austin 2000, pet. ref'd).
In Thompson, the court held that the appellant's renewal of a previous objection of "no notice,
37.07" did not apprise the trial court of the basis of his complaint other than as to lack of notice. See
Thompson, 4 S.W.3d at 887 (emphasis added). The court noted that the appellant had not raised the
issue of notice on appeal, and therefore, did not address the issue. Id. In Patton, the court stated
that, even though the appellant's objection "referred only to 'Article 37,'" the proper objection was
apparent from the context. See Patton, 25 S.W.3d at 392 n. 5. (2) 

 In the case at hand, Appellant objected to Wallace's testimony stating that he objected "to
any extraneous offenses [that occurred] in October of 1998 involving [Wallace because there had]
been no notice given of any event." We hold that Appellant's objection sufficiently preserved error
regarding the issue she now raises on appeal.

 Notice of Date of Extraneous Offense

 The purpose of the notice requirement is to prevent unfair surprise to a defendant. Burling
v. State, 83 S.W.3d 199, 203 (Tex. App.-Fort Worth 2002, pet. ref'd). Appellant does not make any
contention in her brief that Wallace's testimony concerning the date of the offense caused her
surprise. In Burling, the court held that a variation of six weeks between the notice given and date
of the offense as set forth in the witness's testimony was reasonable. See Burling, 83 S.W.3d at 203;
see also Hohn, 951 S.W.2d at 537 (holding notice of three-and-one-half month range was
reasonable); Splawn, 949 S.W.2d at 871 (holding notice of eighteen-month range was reasonable).
Appellant has cited no case law supporting that the one-month variation between the notice date and
the date to which Wallace testified is unreasonable. In accord with Burling, Hohn, and Splawn, we
hold that the State substantially complied with Article 37.07. Appellant's second issue is overruled.

Issue 3 - Cyril Wallace (2001)

 Appellant's third issue concerns Wallace's testimony that Appellant cut him with a knife in
2001. The State's notice of extraneous offenses stated that it intended to proffer testimony that
Appellant had cut Wallace with a knife in Anderson County in 2001. (3) 

 Again, Appellant does not make any contention in her brief that Wallace's testimony
concerning the date of the offense caused her surprise. Furthermore, Appellant has cited no case law
supporting the proposition that the State's notice, which covered a twelve-month time span, is
unreasonable. We hold that the State's notice substantially complied with Article 37.07. See Hohn,
951 S.W.2d at 537. Appellant's third issue is overruled.


Introduction of Extraneous Offenses Concerning Norman Smith

 In her fourth issue, Appellant argues that the trial court erred in overruling her objection to
the testimony of Norman Smith ("Smith"), which she contends was a violation of Texas Code of
Criminal Procedure Article 37.07, section 3(i) because the conduct was not the subject of an
adjudication. After the trial court overruled Appellant's objection, Smith testified that Appellant cut
his face with a butcher knife in May 1995.

 Article 37.07, section 3(i) states as follows:


 Evidence of an adjudication for conduct that is a violation of a penal law of the grade of misdemeanor
punishable by confinement in jail is admissible only if the conduct upon which the adjudication is
based occurred on or after January 1, 1996.



Tex. Code Crim. Proc. Ann. art. 37.07 § 3(i) (Vernon Supp. 2004). Appellant argues that if
Section 3(i) prohibits the introduction of adjudicated misdemeanors that occurred before January 1,
1996, then it follows that the legislature intended to bar introduction of unadjudicated offenses prior
to that date as well. Appellant cites Buchanan v. State, 911 S.W.2d 11 (Tex. Crim. App. 1995) and
Dodgen v. State, 924 S.W.2d 216 (Tex. App.-Eastland 1996, pet. ref'd) in support of his argument. 
We have read these cases. Neither case makes reference to Section 3(i) or otherwise supports
Appellant's contention.

 Section 3(i) must be read in light of Texas Code of Criminal Procedure article 37.07, section
(a)(1), which states as follows:


 [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to
sentencing, including but not limited to the prior criminal record of the defendant, his general
reputation, his character, an opinion regarding his character, the circumstances of the offense for which
he is being tried, and . . . any other evidence of an extraneous crime or bad act that is shown beyond
a reasonable doubt by evidence to have been committed by the defendant or for which he could be
held criminally responsible, regardless of whether he has previously been charged with or finally
convicted of the crime or act.



Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1) (Vernon Supp. 2004).

 Here, there was no adjudication of the conduct that is the subject of Appellant's fourth issue -
cutting Smith's face with a butcher knife. Therefore, Section 3(i) does not apply. See Tex. Code
Crim. Proc. Ann. art. 37.07 § 3(i). Evidence of a defendant's prior unadjudicated offense is
admissible under Section 3(a) so long as the requirements set out in the article are met. See
Rodriguez v. State, 975 S.W.2d 667, 687 (Tex. App.-Texarkana 1998, pet. ref'd). In the instant
case, Appellant has made no argument that Smith's testimony is inadmissible under the requirements
of Section 3(a). We hold that the trial court did not err in allowing Smith's testimony. Appellant's
fourth issue is overruled.


Extraneous Conduct - Discipline of the Children

 In her fifth issue, Appellant contends that the trial court erred in refusing to grant her motion
for mistrial. Appellant's fifth issue concerns the following testimony offered by Smith during the
trial on punishment:



 Okay. With regard to the children, we talked a little bit about the relationship she had with her
children. How would you describe it, the way she disciplined her children?


 

 A. It was pretty bad the way she disciplined them.


 Q. And did you see her ever hit the children?


 A. Yes, I did.


 [APPELLANT'S COUNSEL]: Your Honor, I'm going to object to this line of questioning. It is just
a general condemnation of my client without any reference to any specific acts that the state has given
notice of.


 THE COURT: I sustain it. Let's tie it down.


 [APPELLANT'S COUNSEL]: I ask the jury to disregard those comments.


 THE COURT: All right. The jury is instructed to disregard them - 


 ....


 [APPELLANT'S COUNSEL]: And move for a mistrial.


 THE COURT: Denied.



On appeal, Appellant contends that such allegations are contrary to the provisions of Article 37.07. 
 When the trial court sustains an objection and instructs the jury to disregard, but denies the
appellant's motion for a mistrial, the question is whether the trial court erred in denying the motion
for mistrial. See Sauceda v. State, 859 S.W.2d 469, 474 (Tex. App.-Dallas 1993, pet. ref'd). Only
when it is apparent that an objectionable event at trial is so emotionally inflammatory that curative
instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant
may a motion for mistrial be granted. See Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App.
1992); see also Ford v. State, 14 S.W.3d 382, 394 (Tex. App.-Houston [14th Dist.] 2000, no pet.).
The asking of an improper question, by itself, will seldom call for a mistrial. See Moore v. State,
882 S.W.2d 844, 847 (Tex. Crim. App. 1994). Further, an instruction to disregard will be presumed
effective unless the facts of the case suggest the impossibility of removing the impression produced
on the minds of the jury. See Waldo v. State, 746 S.W.2d 750, 754 (Tex. Crim. App. 1988). The
effectiveness of a curative instruction is determined on a case-by-case basis. See Veteto v. State, 8
S.W.3d 805, 811 (Tex. App-Waco 2000, pet. ref'd). 

 In the instant case, Appellant makes no argument that the trial court's instruction to disregard
was ineffective. Based on our review of the record, we are unable to conclude that the facts of the
instant case, in and of themselves, suggest the impossibility of removing the impression from the
jury's mind that Smith had, on at least one occasion, witnessed Appellant hit her children. 
Therefore, we hold that the trial court's instruction to the jury to disregard Smith's testimony cured
the error. Appellant's fifth issue is overruled.


Conclusion

 Having overruled Appellant's issues one, two, three, four, and five, we affirm the judgment
of the trial court.




 SAM GRIFFITH 

 Justice



Opinion delivered February 18, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.







(PUBLISH)
1. Count one alleged first degree felony injury to a child. Count two alleged second degree felony injury to a
child involving reckless conduct. Count three alleged endangering a child. Counts one, two, and three related to the
burns suffered by Appellant's elder child, R.H. Counts four, five, and six are the same as counts one, two, and three
respectively, but relate to the burns suffered by Appellant's younger daughter, A.S.
2. The court later narrowed Appellant's argument on appeal because he had not specifically objected based
on things such as the manner or specificity of notice. Id. at 393.
3. Appellant objected to Wallace's testimony, arguing that "... the notice is insufficient. It does not give a
date, it just gives a year." The State argues that Appellant's objection lacks specificity to preserve error. For the
reasons set forth in issue two, we conclude that Appellant properly preserved error.