COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-307-CR
 
  
SCOTTIE 
EUGENE BROWN                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Scottie Eugene Brown appeals his conviction for manslaughter.  In one 
issue, Brown contends that the trial court erred by admitting evidence of 
certain extraneous bad acts at punishment because the State failed to give him 
notice of the dates of the acts and the counties where these particular acts 
occurred as required by Texas Code of Criminal Procedure article 37.07, section 
3(g).  Tex. Code Crim. Proc. Ann. 
art. 37.07, § 3(g) (Vernon Supp. 2004).  We will affirm.
II. Factual 
Background
        In 
October 2001, Brown entered the residence of his estranged wife, Deanna Murach, 
and shot her live-in boyfriend, Colton Jacob Kern. Brown then pointed the gun at 
Murach and ordered her into the living room.  Once in the living room, 
Brown rested the gun on his chin and stated that he was going to kill himself.  
Eventually, Brown left and told Murach not to call the police for five minutes.  
The jury found Brown not guilty of murder, but found him guilty of manslaughter.
        During 
the punishment hearing, the State offered Murach’s testimony that Brown had 
previously burglarized a hardware store, previously assaulted Russell Hayes, 
used marihuana daily, possessed a very bad temper, and frequently backed her 
into corners, held her down, and prevented her from leaving the house.  The 
jury assessed Brown’s punishment at twenty years’ confinement and a fine of 
$10,000.
III. Standard 
of Review
        We 
review claims challenging the admission of evidence of extraneous offenses under 
an abuse of discretion standard.  See Roethel v. State, 80 S.W.3d 
276, 280 (Tex. App.—Austin 2002, no pet.) (citing Mitchell v. State, 
931 S.W.2d 950, 953 (Tex. Crim. App. 1996)).  We will affirm the trial 
court’s decision if it is within “the zone of reasonable disagreement.”  
Roethel, 80 S.W.3d at 280.
IV. Notice 
Unreasonable
        In 
his sole issue, Brown contends that the trial court erred by admitting evidence 
of extraneous bad acts because the State’s notice pursuant to Texas Code of 
Criminal Procedure article 37.07, section 3(g) failed to include the dates on 
which the acts occurred.[2]   Specifically, 
Brown complains that the following extraneous bad act evidence should not have 
been admitted: his pattern of holding Murach down and not allowing her to get 
up; his pattern of backing Murach into corners; his pattern of not allowing 
Murach to leave the house; his pattern of marihuana use.[3]   
The State responds that its notice to Brown substantially complied with article 
37.07, section 3(g) because Brown’s pattern of extraneous bad acts occurred on 
multiple dates, not merely one specific, identifiable date.  Tex. Code Crim. Proc. Ann. art. 37.07, 
§ 3(g).  In the alternative, the State argues that any error in admitting 
the extraneous offenses was harmless.
        Article 
37.07, section 3(g) provides that, when the defendant timely requests notice of 
the State’s intent to introduce at punishment an extraneous bad act that has 
not resulted in a final conviction, the State must give the defendant reasonable 
notice in advance of trial.  See Tex. Code Crim. Proc. Ann. art. 37.07, 
§ 3(g) (incorporating Texas Rule of Evidence 404(b)’s reasonable notice 
requirement).  Such notice is reasonable only if it includes the date on 
which the alleged crime or bad act occurred.  Id.  The purpose 
of article 37.07, section 3(g) is to avoid unfair surprise, that is, trial by 
ambush.  Nance v. State, 946 S.W.2d 490, 493 (Tex. App.—Fort Worth 
1997, pet. ref’d).
        Here, 
the State’s notice listed thirty-four extraneous offenses or bad acts 
including:
 
-Pattern 
of holding Deanna Murach down and not allowing her to get up.
-Pattern 
of backing Deanna Murach into corners.
-Pattern 
of not allowing Deanna Murach to leave the house.
-Pattern 
of drug usage including marihuana . . . .
 
 
The 
State did not allege any specific date, month, or time frame for these pattern 
bad acts.  Murach testified that she had known Brown for approximately ten 
years.[4]   She testified at punishment that 
Brown would “frequently” back her into corners, that on several occasions he 
sat on her and held her hands down, and that he used marihuana on a daily basis.  
She did not testify about not being allowed to leave the house.
        The 
State’s notice for these four pattern extraneous bad acts did not comply with 
article 37.07, section 3(g)’s requirement that the State provide notice of the 
date on which the bad act occurred. Courts interpreting section 3(g) hold that 
substantial compliance with the date requirement is sufficient absent some 
showing that trial testimony concerning the date of the offense or act surprised 
the defendant.  See Burling v. State, 83 S.W.3d 199, 202-03 (Tex. 
App.—Fort Worth 2002, pet. ref’d); Wallace v. State, No. 
12-02-00202-CR, 2004 WL 306120, at *4 (Tex. App.—Tyler Feb. 18, 2004, no 
pet.); Roethel, 80 S.W.3d at 280; Hohn v. State, 951 S.W.2d 535, 
537 (Tex. App.—Beaumont 1997, no pet.); Splawn v. State, 949 S.W.2d 
867, 870-71 (Tex. App.—Dallas 1997, no pet.).  When, however, no date is 
alleged in the State’s notice, as compared to substantial compliance via the 
allegation of a month or time period, and the possible time frame for commission 
of the extraneous offense or bad act is an eight-year span or a decade, the 
notice is unreasonable.  See Tex. 
Code Crim. Proc. Ann. art. 37.07, § 3(g) (providing that State’s 
notice is reasonable only if it includes date on which alleged crime or bad act 
occurred); Roethel, 80 S.W.3d at 280-81 (holding State’s notice 
defective where it alleged no dates and pattern offenses could have occurred 
during eight-year span); James v. State, 47 S.W.3d 710, 714 (Tex. 
App.—Texarkana 2001, no pet.) (holding State’s notice defective for failure 
to state any date and harmful where evidence showed pattern of child abuse 
stretching over decades).  Here the possible time frame for the three 
pattern bad acts offered into evidence by the State spanned the entire ten-year 
period that Murach had known Brown.  Accordingly, we hold that the 
State’s notice here was unreasonable and that the trial court abused its 
discretion in holding otherwise.  See Tex. Code Crim. Proc. Ann. art. 37.07, 
§ 3(g); Roethel, 80 S.W.3d at 281; James, 47 S.W.3d at 714.
V. Harm 
Analysis
        We 
apply a rule 44.2 harm analysis to the trial court’s improper admission of 
extraneous bad acts testimony.  See Roethel, 80 S.W.3d at 
281.  To determine if error was harmful, we examine the record to determine 
whether the deficient notice resulted from prosecutorial bad faith or prevented 
the defendant from preparing for trial.  See id. at 282.  In 
determining the latter, we will look at whether the defendant was surprised by 
the substance of the testimony and whether that affected his ability to prepare 
cross-examination or mitigating evidence.  See id.; see also Ford 
v. State, 73 S.W.3d 923, 925-26 (Tex. Crim. App. 2002) (holding harm from 
violation of notice provision of article 37.07, section 3(g) is assessed against 
statute’s intended purpose).
        Our 
review of the entire record does not reveal that the State’s deficient notice 
resulted from prosecutorial bad faith or prevented Brown from preparing for 
trial.  The State’s notice named the victim, Murach, except in the 
victimless extraneous offense involving drug use, specified the bad act, and 
indicated that the offense was a pattern, occurring frequently.  Although 
the State’s notice did not satisfy the statutory date requirement, the record 
does not indicate that the State intended to or did mislead Brown or prevent him 
from preparing a defense.
        Nor 
did the deficiencies in the notice actually prevent Brown from preparing to 
cross-examine Murach.  The notice informed him that she would testify about 
his behavior towards her, specifically the patterns identified in the State’s 
notice.  The record does not demonstrate that Brown was surprised by 
Murach’s punishment testimony, and he makes no such argument on appeal.  
The record shows that Brown’s attorney conducted a vigorous cross-examination 
of Murach.  Accordingly, we hold that the State’s deficient notice did 
not affect Brown’s substantial rights.  See Apolinar v. State, 106 
S.W.3d 407, 415 (Tex. App.—Houston [1st Dist.] 2003, pet. granted); 
Roethel, 80 S.W.3d at 283.  We overrule Brown’s sole issue.
VI. Conclusion
        Having 
overruled Brown’s sole issue, we affirm the trial court’s judgment.


                                                          SUE 
WALKER
                                                          JUSTICE
 
 
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 13, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Brown’s appellate brief also complains that the State’s notice failed to 
identify the counties where the bad acts occurred, but because this complaint 
was not raised at trial we do not address it here.  See Thomas v. State, 
723 S.W.2d 696, 700 (Tex. Crim. App. 1986) (holding trial objection must comport 
with complaint on appeal).
3.  
Brown complains that the trial court erred by admitting evidence of his drug 
usage, including marihuana, acid (LSD), cocaine, and 
amphetamine/methamphetamine, but the trial court excluded all testimony about 
drugs other than marihuana.  We therefore construe Brown’s argument as 
pertaining only to evidence of a pattern of marihuana use.
4.  
Brown and Murach met in 1994, were married in 1998, and the offense at issue 
occurred on October 8, 2001.