NO.
12-06-00190-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

CARLA DINGER,     §          APPEAL FROM THE 7TH

APPELLANT

 

V.        §          JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          SMITH COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            Appellant
Carla Dinger was convicted of sexual assault of a child and sentenced to twenty
years of imprisonment with a fine of $10,000.00.  In two issues, Appellant alleges that the
trial court improperly limited her cross examination of two witnesses and that
the trial court erroneously allowed the prosecution to present evidence of
extraneous bad acts without first giving adequate notice.  We affirm.

Background

            On December 9, 2004, Appellant was
charged by indictment with sexual assault of a child.  The victim was her stepson, J.D.  The offense charged related to one of many
sexual encounters Appellant had with J.D., who was a teenager at the time of
the encounters.  As a result of her
sexual encounters with J.D., Appellant became pregnant and bore a child, T.D,
who was approximately five years old at the time of Appellant’s
indictment.  During their relationship,
Appellant had also introduced J.D. to illegal drugs, regularly providing him
with methamphetamine and showing him how to use it.  

            Appellant pleaded guilty to the
offense on April 25, 2006 and elected to have her punishment assessed by a
jury.  That jury sentenced her to twenty
years of imprisonment and fined her $10,000.00. 
This appeal followed.








Limits on Cross Examination

            In her first issue, Appellant argues
that the trial court improperly limited her cross examination of J.D. and his
biological mother.  Specifically, she
contends that she should have been allowed to cross examine J.D. and his mother
about J.D.’s alleged behavioral problems before his sexual relationship with
Appellant and about J.D.’s mother’s plans to send J.D. to live with
Appellant.  Appellant argues further that
by these limitations, the trial court denied her the opportunity to rebut the
false impression created by these witnesses that J.D.’s mental health and drug
abuse problems stemmed solely from his sexual relationship with Appellant and
to rebut the false impression that Appellant “lured” J.D. away from his
biological mother and into her own household.[1]  Appellant contends this testimony was
relevant to punishment as mitigating evidence. 
Appellant also argues that her federal constitutional right to confront
the witnesses against her was violated when the trial court limited her cross
examination of these witnesses.[2]

Standard
of Review

            Generally, we review a trial court’s
decision to exclude evidence under an abuse of discretion standard.  See Burden v. State, 55 S.W.3d
608, 615 (Tex. Crim. App. 2001).  A trial
court does not abuse its discretion when its decision is within the zone of
reasonable disagreement.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  Absent an abuse of discretion, we will not
reverse a trial court’s decision to exclude evidence.  See Burden, 55 S.W.3d at
615.  Under an abuse of discretion
review, we will uphold the trial court’s ruling on the admission or exclusion
of evidence if the ruling was proper under any legal theory or basis applicable
to the case.  See Martinez v. State,
91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

            The trial court limited Appellant
from these areas of cross examination based upon two grounds.  First, the trial court ruled that the
evidence in question was not relevant to punishment under article 37.07 of the
Texas Code of Criminal Procedure.[3] 
Second, the trial court ruled that the evidence in question should be
excluded pursuant to Rule 403 of the Texas Rules of Evidence.[4]   Appellant challenges the trial court’s
ruling that the evidence was not relevant to punishment under article
37.07.  However, even if the evidence was
relevant to punishment under article 37.07, evidence that runs afoul of Rule
403 may (and should) still be excluded.  See
Boone v. State, 60 S.W.3d 231, 239-40 (Tex. App.–Houston [14th
Dist.] 2001, pet. ref’d).  Because
Appellant has not challenged the trial court’s Rule 403 ruling, we must uphold
the trial court’s exclusion of the evidence. 
Therefore, we do not address whether the evidence was, in fact, relevant
to punishment.  The only remaining
question is whether the Sixth Amendment to the United States Constitution
trumps Rule 403.

Discussion

            The Sixth Amendment provides in
pertinent part that “the accused shall enjoy the right . . . to be confronted
with the witnesses against him.”  U.S. Const. amend. VI.  The right to confront opposing witnesses
necessarily includes the right to cross examine.  Davis v. Alaska, 415 U.S. 308,
315-16, 94 S. Ct. 1105, 1110, 39 L. Ed. 2d 347 (1974).  Cross examination serves three general
purposes: (1) cross examination may serve to identify the witness with his
community so that independent testimony may be sought and offered concerning
the reputation of the witness for veracity within that community; (2) cross
examination allows the jury to assess the credibility of the witness; and (3)
cross examination allows facts to be brought out tending to discredit the
witness by showing that his testimony in chief was untrue or biased.  See Alford v. United States,
282 U.S. 687, 691-92, 51 S. Ct. 218, 219, 75 L. Ed. 624 (1931).  The right of confrontation is violated when
appropriate cross examination is limited. 
Carroll v. State, 916 S.W.2d 494, 497 (Tex. Crim. App.
1996) (plurality opinion) (citing Hurd v. State, 725 S.W.2d 249,
252 (Tex. Crim. App. 1987)).

            The scope of appropriate cross
examination is necessarily broad.  Id.  A defendant is entitled to pursue all avenues
of cross examination reasonably calculated to expose a motive, bias, or
interest for the witness to testify.  Lewis
v. State, 815 S.W.2d 560, 565 (Tex. Crim. App. 1991).  It does not follow, of course, that the
Confrontation Clause of the Sixth Amendment prevents a trial court from
imposing any limits on defense counsel’s inquiry.  Delaware v. Van Arsdall, 475
U.S. 673, 679, 106 S. Ct. 1431, 1435, 89 L. Ed. 2d 674 (1986).  On the contrary, trial courts retain wide
latitude insofar as the Confrontation Clause is concerned to impose reasonable
limits on cross examination.  Id.  While the breadth of a trial court’s ability
to limit cross examination has not been fully explored by our courts, it is
clear that a trial court may limit cross examination when a subject is
exhausted, or when the cross examination is designed to annoy, harass, or
humiliate, or when the cross examination might endanger the personal safety of
the witness.  See Carroll,
916 S.W.2d at 498. Likewise, a trial court may limit cross examination to
prevent unfair prejudice, confusion of the issues, or repetitive or marginally
relevant interrogation.  See id. (citing
Van Arsdall, 475 U.S. at 679, 106 S. Ct. at 1435).

            Rule 403 prohibits cross examination
where “its probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading the jury, or by
considerations of undue delay, or needless presentation of cumulative evidence.”  See Tex.
R. Evid. 403.  It is clear from
the language of the rule that Rule 403 falls within the exceptions to the right
of confrontation which have been already delineated by our courts.  See Van Arsdall, 475 U.S. at
679, 106 S. Ct. at 1435;Carroll, 916 S.W.2d at 498.  Because Rule 403 falls within the exceptions
to the Confrontation Clause, the trial court did not violate the Confrontation
Clause in limiting Appellant’s cross examination of the witnesses by its
unchallenged ruling that such cross examination would violate Rule 403.  See id.

            We overrule Appellant’s first issue.

 

Extraneous Bad Act Evidence

            In her second issue, Appellant
complains that the trial court erroneously allowed the prosecution to present
evidence of extraneous bad acts without first giving her the required notice
pursuant to article 37.07, section 3(g).[5]

Standard
of Review

            We review claims challenging the
admission of evidence of extraneous bad acts for an abuse of discretion.  Wallace v. State, 135 S.W.3d
114, 118 (Tex. App.–Tyler 2004, no pet.). 
A trial court does not abuse its discretion when its decision is within
the zone of reasonable disagreement. Montgomery, 810 S.W.2d at
391.  Absent an abuse of discretion, we
will not reverse a trial court’s decision to admit such evidence.  See Roethel v. State, 80 S.W.3d
276, 280 (Tex. App.–Austin 2002, no pet.). 
Under an abuse of discretion review, we will uphold the trial court’s
ruling on the admission of such evidence if the ruling was proper under any
legal theory or basis applicable to the case. 
See Martinez, 91 S.W.3d at 336.

            If an abuse of discretion is found
because the state’s notice to the defendant was unreasonable, a harm analysis
is required under Texas Rule of Appellate Procedure 44.2.  Wallace, 135 S.W.3d at
118.  In this analysis, we examine the
record to determine whether the deficient notice resulted from prosecutorial
bad faith or prevented the defendant from preparing for trial.  Id.  In determining the latter, we will look at
whether the defendant was surprised by the substance of the testimony and
whether that affected his ability to prepare cross examination or mitigating
evidence. Id. at 118-19.

Discussion

            Appellant complains of the trial
court’s failure to suppress evidence of at least five separate bad acts.  However, Appellant provides record citations
regarding only one of these bad acts, 
that J.D. touched Appellant’s breast when he was approximately eleven
years of age and Appellant did nothing to correct the touching.  

            Rule 38.1(h) of the Texas Rules of
Appellate Procedure provides that an appellate brief shall contain, among other
things, “a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.”  When an appellant does not adequately comply
with Rule 38.1(h), nothing is presented for appellate review.  See State v. Gonzalez,
855 S.W.2d 692, 697 (Tex. Crim. App. 1993); Nguyen v. State, 177
S.W.3d 659, 669 (Tex. App.–Houston [1st Dist.] 2005, pet. ref’d).

            Because Appellant does not provide
specific citations to the record indicating what particular testimony she
complains of, we cannot determine whether testimony regarding four of the five
bad acts was admitted.  “As an appellate
court, it is not our task to pore through hundreds of pages of record in an
attempt to verify an appellant’s claims.” 
Alvarado v. State, 912 S.W.2d 199, 210 (Tex. Crim. App.
1995).  Therefore, Appellant has failed
to present for review any error regarding the admission of testimony relating
to these four bad acts.  See Alvarado,
912 S.W.2d at 210; Gonzalez, 855 S.W.2d at 697; Nguyen,
177 S.W.3d at 669. 

            In regard to the breast touching
incident, the record reflects that Appellant and her lead trial counsel were
both present at a deposition where this incident was explored extensively at
least four months before her criminal trial. 
Under such circumstances, Appellant has failed to show that she was surprised
by the substance of the testimony or that her ability to prepare cross
examination or mitigating evidence was affected.  Further, Appellant has presented no evidence
of prosecutorial bad faith in failing to give the required notice.  Therefore, the trial court’s error, if any,
in admitting the testimony was harmless. 
See Wallace, 135 S.W.3d at 118-19.

            We overrule Appellant’s second
issue.

Disposition

            We
affirm the trial court’s judgment.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion delivered June 20, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO NOT PUBLISH)











[1] For the purpose of our review, we have assumed, without deciding, that
a false impression was created by the testimony.





[2] See U.S. Const. amend.
VI (containing what is commonly referred to as the Confrontation Clause).  The United States Supreme Court has held
that, by way of the Fourteenth Amendment, the Sixth Amendment Confrontation
Clause applies to state criminal prosecutions. 
See Pointer v. Texas, 380 U.S. 400, 403, 85 S. Ct. 1065,
1068, 13 L. Ed. 2d 923 (1965).





[3] Article 37.07 states
in pertinent part as follows:

 

Regardless
of the plea and whether the punishment be assessed by the judge or the jury,
evidence may be offered by the state and the defendant as to any matter the
court deems relevant to sentencing, including but not limited to the prior
criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, the circumstances of the offense for which he
is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of
Evidence, any other evidence of an extraneous crime or bad act that is shown
beyond a reasonable doubt by evidence to have been committed by the defendant
or for which he could be held criminally responsible, regardless of whether he has
previously been charged with or finally convicted of the crime or act. 

 

 Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon 2006).





[4] Rule 403 reads as
follows:

 

Although
relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence.

 

Tex. R. Evid. 403.





[5] Section 3(g) provides
as follows:

 

On
timely request of the defendant, notice of intent to introduce evidence under
this article shall be given in the same manner required by Rule 404(b), Texas
Rules of Evidence.  If the attorney
representing the state intends to introduce an extraneous crime or bad act that
has not resulted in a final conviction in a court of record or a probated or
suspended sentence, notice of that intent is reasonable only if the notice
includes the date on which and the county in which the alleged crime or bad act
occurred and the name of the alleged victim of the crime or bad act.   The requirement under this subsection that
the attorney representing the state give notice applies only if the defendant
makes a timely request to the attorney representing the state for the notice.

 

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon 2006).