NO. 07-08-0332-CR
 
IN THE COURT OF APPEALS
 
FOR THE SEVENTH DISTRICT OF TEXAS
 
AT AMARILLO
 
PANEL C
 
JULY 30, 2009
 
______________________________
 
 
PHIL ANDERSON, APPELLANT
 
V.
 
THE STATE OF TEXAS, APPELLEE
 
_________________________________
 
FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;
 
NO. 2005-409, 522; HONORABLE BRAD UNDERWOOD, JUDGE
 
_______________________________
 
 
Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 
 
MEMORANDUM OPINION
 
 
           Appellant, Phil Anderson, was convicted by a jury of sexual assault of a child younger
than seventeen years of age and sentenced to four years confinement. Appellant contends
the trial court erred by: (1) permitting the State to present evidence of extraneous offenses
when the State failed to give him reasonable notice of its intent to use the evidence at trial;
and (2) overruling his objection to the State’s challenge for cause of venireman Raymond
Dabila. We affirm.
Background
           In July 2005, a Lubbock County Grand Jury indicted Appellant for sexually assaulting
N.C., a child younger than seventeen years of age. On July 28, 2006, Appellant filed a
request for notice of the State’s intention to use evidence of extraneous offenses at trial. 
Appellant’s request specifically included a request for notice of the State’s intent to offer
evidence at trial pursuant to article 38.37 of the Texas Code of Criminal Procedure.


 
           In response, the State filed its Notice of Extraneous Offenses and Prior Convictions.
In paragraph one of that notice, the State expressed its intent to offer evidence at trial of
“[a]ny and all matters relating to the multiple offenses of Sexual Assault, victim N.C.,
occurring on or about January 1, 2005 until April 30, 2005, Lubbock County, Texas.” On the
same day, the State also filed its witness list which included, among others, Dominique
Anderson and two forensic interviewers with the Child Advocacy Center (CAC). 
           At a pretrial hearing in 2006, Appellant made a blanket objection to the State’s notice
as “vague,” and specifically objected to paragraphs two through eight. The trial court
sustained Appellant’s objection and indicated the State needed to supplement the notice
if it intended to use the evidence at trial. On June 6, 2008, the State filed its supplemental
notice. Paragraph ten of that notice stated the State intended to offer at trial “[a]ny and all
matters relating to the multiple offenses of Sexual Assault, Indecency with a child, victim,
N.C., a minor child occurring on or about January 1, 2003 through July 1, 2005.”
           At trial, over Appellant’s objection, N.C. and Dominique Anderson were both allowed
to testify to instances of sexual contact between Appellant and N.C., other than the offense
relied upon by the State in support of the allegations contained in the indictment. A jury
found Appellant guilty of sexual assault of a minor child under seventeen years of age and,
following the punishment phase of trial, assessed Appellant’s sentence at four years
confinement. This appeal followed. 
Discussion
           Appellant contends that Dominique’s and N.C.’s testimony regarding extraneous
offenses should not have been admitted because the State did not give him reasonable
notice of its intent to use the testimony at trial. As a result, Appellant asserts his cross-examination of Dominique, N.C., and a CAC forensic examiner was inhibited or less-effective. He also asserts the trial court erred by overruling his objection to the State
challenging venireman Raymond Dabila for cause.
           The State asserts sufficient notice of the extraneous offense evidence was given
through the State’s original and supplemental notices of extraneous offenses; CAC
interviews; Child Protective Services (CPS) records; and other discovery from the State. 
The State also asserts the trial court properly granted the State’s challenge for cause to
venireman Dabila because he testified that, during the proceedings, he would be unable to
put out of his mind the false accusation of a similar offense made against a close friend.
           I.         38.37 Notice
           At trial, Detective Dwayne Durham, Lubbock Police Department, testified that, during
his investigation, Appellant signed a written confession describing a single sex act with N.C. 
The written confession was admitted at trial without objection. Dominique testified to an
eyewitness account of a different incident, occurring within the time period designated in the
State’s supplemental notice, where Appellant sexually assaulted N.C. and N.C. testified
generally that she and Appellant engaged in multiple sex acts–twice a month during that
same time period.


 Appellant’s objections to this evidence of extraneous offenses was
overruled. 
           We review claims challenging the admission of evidence of extraneous offenses for
an abuse of discretion and will affirm the trial court’s decision if it is within the zone of
reasonable disagreement. McDonald v. State, 179 S.W.3d 571, 576 (Tex.Crim.App. 2005). 
If an abuse of discretion is found because notice was unreasonable,


 a harm analysis is
required under Texas Rule of Appellant Procedure 44.2. Wallace v. State, 135 S.W.3d 114,
118 (Tex.App.–Tyler 2004, no pet.). Notice is unreasonable if the accused was surprised
by the evidence; Sharp v. State, 210 S.W.3d 835, 839 (Tex.App.–Amarillo 2006, no pet.)
(citing Hernandez v. State, 176 S.W.3d 821, 825-26 (Tex.Crim.App. 2005)), and harmful if
the lack of reasonable notice affected the accused’s ability to mount an adequate defense;
McDonald, 179 S.W.3d at 579, e.g., affected his ability to prepare cross-examination or
present mitigating evidence. Wallace v. State, 135 S.W.3d at 118-19. See Hernandez, 176
S.W.3d at 825-26.
           Here, paragraph ten of the State’s supplemental notice coupled with the production
of Dominique’s videotaped statement well in advance of trial gave Appellant reasonable
notice of the nature and content of Dominique’s expected testimony and that the State
intended to use that testimony at trial. See Hayden v. State, 66 S.W.3d 269, 272
(Tex.Crim.App. 2001).


 This is particularly so where, as here, Appellant’s counsel did not
dispute receiving actual notice of Dominique’s videotaped statement in time to prepare for
trial; Hayden, 66 S.W.3d at 272, and the State offered Dominique as a witness primarily to
describe his eyewitness account of the extraneous offense. See Hernandez, 176 S.W.3d
at 826. Further, considering how relevant an eyewitness account of an extraneous offense
would be in the prosecution of a sexual assault charge, it strains credulity to think the State
would not have intended to use Dominique’s eyewitness account at trial. Id. The same
analysis applies to the videotaped interviews of N.C. and Dominique by CAC forensic
interviewers.
           Assuming, as Appellant suggests, the State’s discovery did not contain statements
by N.C. that she and Appellant had performed numerous sex acts over a period of time,
paragraph ten of the State’s supplemental notice put Appellant on notice that the State
intended to offer such evidence. In addition, prior to her testimony, the State specifically
informed Appellant that N.C.’s testimony would include such extraneous acts and, although
Appellant objected, he did not seek a continuance to better prepare his cross-examination. 
Moreover, N.C.’s testimony described a continuous sexual relationship with Appellant
spanning the time period designated by the notice. Under the circumstances, we cannot
say the trial court’s ruling was outside the zone of reasonable disagreement. 
           That said, even if we were to find that the trial court erred by admitting the evidence,
Appellant asserts no more than a general inability to conduct cross-examination or develop
mitigating evidence as a result. He does not attempt to establish how his defense strategy
might have differed or whether he was unable to prepare his defense. The record, on the
other hand, reflects Appellant received sufficient notice to prepare for trial, his strategy at
trial was to discredit the testimony of Dominique and N.C. and his cross-examination was
lengthy and vigorous. Appellant’s first issue is overruled.



 

           II.        Challenge for Cause
           Appellant’s second issue asserts the trial court erred in granting a challenge for
cause by the State of a prospective juror who allegedly expressed a bias in favor of
Appellant.



           A challenge for cause is “an objection made to a particular juror, alleging some fact
that renders the juror incapable or unfit to serve on the jury.” Article 35.16(a) (Vernon
2006). A challenge for cause may be made on the ground that a prospective juror is biased
or prejudiced for or against the defendant. Article 35.16 (a) (9). “Bias” means an inclination
toward one side of an issue rather than to the other leading to the natural inference that the
juror will not act with impartiality. Anderson v. State, 633 S.W.2d 851, 853 (Tex.Crim.App.
1982). 
           If bias or prejudice is not established as a matter of law, the trial court has discretion
to determine whether bias or prejudice actually exists to such degree that a prospective
juror is disqualified and that the challenge for cause should be sustained. Little v. State,
758 S.W.2d 551, 556 (Tex.Crim.App. 1988) (citing Anderson, 633 S.W.2d at 854). If the
prospective juror is shown to be biased as a matter of law, he or she must be excused when
challenged, even if he or she states that she can set aside her bias and provide a fair trial. 
Tran v. State, 221 S.W.3d 79, 83-84 (Tex.App.–Houston [14th Dist.] 2005, pet. ref’d). 
           We review the voir dire record in its entirety and ask whether the trial court had a
rational basis for its conclusions; Granados v. State, 85 S.W.3d 217, 231 (Tex.Crim.App.
2002), while affording the trial court considerable deference, because it is in the best
position to evaluate a prospective juror’s demeanor and responses. Russeau v. State, 171
S.W.3d 871, 879 (Tex.Crim.App. 2005). We will thus reverse a trial court’s ruling on a
challenge for cause only for an abuse of discretion. Id. This is especially true when the trial
court is faced with a vacillating or equivocating prospective juror. King v. State, 29 S.W.3d
556, 568 (Tex.Crim.App. 2000) (particular deference is given when the potential juror’s
answers are vacillating, unclear, or contradictory). 
           During jury selection, prospective juror Dabila advised that a good friend had been
charged with sexual assault of a child under seventeen years of age. The following colloquy
occurred between the State, Appellant, and the trial court:
STATE: Mr. Dabila, you indicated that you had a friend that was accused.

 
DABILA: Yes, sir.

 
STATE: And that the victim recanted in that case and that that case kind of
went away; is that right?

 
DABILA: Yes, sir.

 
STATE: Anything about the way that was handled by the police department
or the District Attorney’s office or anything like that would influence in a case
such as this?

 
DABILA: Well, considering that it took awhile and what they did to him, it kind
of hurt me, too, because he was a good friend of mine and I knew he hadn’t
done it, but they were accusing him of doing something that when you just
hug somebody, it’s just a hug. It’s not that thing.

 
STATE: Do you think that that would be something that would be on your
mind and depending on the facts and circumstances could make you think of
that while you’re deliberating on this case and could influence your verdict in
this case?

 
DABILA: It would because as long—I would say you look at him, and he’s a
good friend and everything, and then she turned around and said lies about
him, you know. And plus that, what hurt more, watching him—his own family
go taken away from him–

 
STATE: Okay.

 
DABILA: –and that wasn’t right. 

 
STATE: Thank you, sir. We challenge for cause, Your Honor.

 
DEFENSE: I’ve got a couple of questions.

 
COURT: Alright.

 
DEFENSE: Mr. Dabila, are you saying that your experience would make it
where you would automatically vote for not guilty in allegations like this?

 
DABILA: I’d have to really look at the evidence first.

 
DEFENSE: Well, let me put it to you kind of flip side of that. If you believed
that the State had proved their case beyond a reasonable doubt, could you
follow the law and vote guilty if that was what you–

 
DABILA: It depends on the evidence. I’d have to look at the evidence and
take the judgment. And then I’d still be thinking about what happened to my
friend, though.

 
COURT: Let me ask you a question, sir. Based on what happened to your
friend—

 
DABILA: Un-huh.

 
COURT: Do you feel that that might influence your verdict in this case?

 
DABILIA: I think it would.

 
COURT: Okay. The challenge is sustained.

 
 
           During examination by the State and the trial court, Dabila indicated that his friend’s
experience “would” influence his verdict. Although Dabila testified during examination by
Appellant’s counsel that he would have to look at the evidence before convicting, he
nevertheless reiterated that he would “still be thinking about what happened to my friend.” 
Under the circumstances, we find the trial court did not abuse its discretion in sustaining the
State’s challenge for cause.


 Appellant’s second issue is overruled.Conclusion
 
           The trial court’s judgment is affirmed.
 
 
                                                                                  Patrick A. Pirtle 
                                                                                         Justice 
 
Do not publish.